ALFRED SHRIMPTON & SONS, LIMITED, *v.* KEYES.

[No. 2,147.    Filed March 30, 1897.]

APPEAL AND ERROR.—*Rules of Appellate Court.—Paging of Transcript.—Marginal Notes.*—Rule 30 of the Appellate Court requiring transcript to be paged and the lines of each page numbered, and requiring marginal notes to be placed on the transcript indicating the several parts of the pleadings, etc., is a reasonable rule and should be strictly observed; though a failure to make marginal notes is not a cause for dismissal.

SAME.—*Rules of Appellate Court.—Briefs.—Waiver of Errors.*—Appellant waives all errors assigned by his failure to comply with the rules of the Appellate Court requiring that his brief shall contain a summary of the points or questions involved with the citation of authorites and an argument based thereon.

From the Miami Circuit Court.    *Affirmed.*

*Charles A. Cole,* for appellant.

*Roscoe Kimple,* for appellee.

WILEY, J.—Appellant, a corporation organized and existing under the laws of New York, sued appellee upon an account stated for goods and merchandise alleged to have been sold appellee at his special instance and request. The appellee answered by general denial. Trial by jury and a general verdict for appellee. Appellant moved for a new trial, which was overruied, and appellee had judgment for costs.

The only error assigned is the overruling of the motion for a new trial. The appellant has filed a transcript, or, we should more properly say, has filed what purports to be a transcript of the proceedings below, consisting of probably 75 or 80 closely written and type printed pages, and has not even numbered the pages. Neither does the transcript contain any marginal notes.

Rule XXX, of this court, is as follows: "The appellant shall cause the transcript to be paged and the lines of each page to be numbered. He shall also cause marginal notes to be placed on the transcript in their appropriate places, indicating the several parts of the pleadings in the cause, the exhibits, if any, the orders of the court, and the bills of exceptions. Where the evidence is set out by deposition or otherwise, the names of the witnesses shall be stated in the margin. The appellant shall also note on the margin all motions and rulings thereon, and he shall also note the instructions given and refused in all cases where questions are made thereon."

In his excellent work on Appellate Procedure, Judge Elliott, commenting upon a similar rule of the Supreme Court, says: "The requirements of the rule of which we have given a synopsis are important and

should be obeyed. It has been said that the absence of marginal notes is 'good evidence that counsel have not studied the record,' and there is much truth in this statement. * * * The annotation of the transcript is by no means an unimportant matter, and in many jurisdictions the failure to make proper marginal notes is considered as a cause for dismissal." Elliott's App. Proced., section 204.

We are aware, however, in this State that the failure to make marginal notes is not a cause for dismissal. *O'Neil* v. *Chandler*, 42 Ind. 471.

The rule which this court has adopted, and which we have above quoted, is a reasonable one and is for the protection and assistance of the court, and it should be strictly observed. When we consider the vast amount of laborious work which devolves upon the court in the examination and study of voluminous records, the reason and necessity of the rule is apparent.

Appellant has filed a paper, endorsed and purporting to be a brief, consisting of less than two pages of typewritten matter, in which rule number XXV of this court is wholly ignored. Nor does it comply with the requirements that "briefs shall be filed in all cases, and they shall refer by page and line to the transcript wherever necessary to a full understanding of the questions discussed. They shall state concisely the propositions relied on. * * · * In referring to instructions counsel shall specify the number of the instruction and give the pages and lines of the record where it appears, and shall succinctly state the substance of the instruction, the specific objection to it, where objections are urged. * * * In discussing questions arising on the admission or exclusion of evidence counsel shall refer to the particular testimony and specify by pages and lines the part of the

Alfred Shrimpton & Sons, Limited, *v.* Keyes.

record where it appears, and shall also state specifically the nature of the evidence and the objections thereto."

Judge Elliott, in his Appellate Procedure, section 440, says: "It is necessary that the appellate tribunal should be fully informed as to the manner in which the questions arise and where and how they are presented by the record. It is not enough to assert that there is a designated question in the record; general assertions are valueless. The manner in which the question assumed to be resented arose is required to be specifically and particularly stated. It is to be constantly kept in mind that the brief should supply the court with information and that the court must be referred to the record to verify the statements of the brief. Not so, but more, for the court is unacquainted with the record, and hence it is incumbent upon counsel to specifically refer to the particular part of the record which exhibits the ruling sought to be brought under investigation. In other words, it is the duty of counsel to acquaint the court with the parts of the record of which examination is desired. The court will not hunt through the record to discover the parts of it which counsel assume exhibit the rulings which they desire considered."

This is an inexorable rule, and it has been enforced in many cases, to some of which we will refer later. The rule seems to be clearly settled in this State that a brief, in addition to the statement of the case, should contain a summary of the points or questions involved, with the citation of authorities, if authorities are relied upon, and an argument based upon both. *City of Anderson* v. *Neal*, 88 Ind. 317; *McCann* v. *Rodifer*, 90 Ind. 602; *Arbuckle* v. *Biederman*, 94 Ind. 168; *Robbins* v. *Magee*, 96 Ind. 174; *Louisville,. etc., R. W. Co.* v. *Grantham*, 104 Ind. 353.

The appellant's brief does not possess any of the requirements as indicated by the cases just cited. No argument is attempted; no authorities are cited; and counsel for appellant has not even called our attention to any part of the record, by page or line, where we might find the questions, he merely refers to in his brief. There is no attempt to point out or argumentatively discuss any error in the ruling of the trial court.

In *Chicago, etc., R. W. Co.* v. *Hunter*, 128 Ind. 213, it was held that a party, to be entitled to have alleged errors considered must do more than merely call attention to them, and assert that they are erroneous. Unless there is at least an attempt at argument or something to indicate wherein they are claimed to be erroneous, aside from mere assertions, they will be considered as waived.

In *Cobb* v. *Taylor*, 133 Ind. 605, it was said: "That mere assertion of error by appellant in his brief, unsupported by argument or authority, can avail nothing on appeal, as the court will refuse to consider it."

In *Sanders* v. *Scott*, 68 Ind. 130, one of the causes for a new trial was the admission and rejection of certain evidence. In the brief for appellant, counsel simply said: "The court erred in refusing to admit the following evidence, offered by defendant, relating to rents and profits made by Scott for nine months' use of firm property." Then followed, in his brief, the evidence rejected. Referring to appellant's brief upon that question, the court said: "As to the rejected evidence, there is no reference in the brief to the part of the record in which the supposed error may be found. There is rather a lengthy bill of exceptions in the record, but we do not feel called upon to search through it in pursuit of the supposed error. The portion of the record relied upon should have been pointed out, in compliance with rule XIX of this

court." The court refused to examine the record, and affirmed the judgment.

In the case of *Louisville, etc., R. W. Co.* v. *Donnegan*, 111 Ind. 179, it was held that "Parties asking for a reversal of a judgment must furnish references to such portions of the record as will show that errors intervened in the proceedings below."

In *Harlan* v. *State*, 134 Ind. 339, the Supreme Court, speaking by Olds, J., said: "Counsel, in preparing his brief, should, in referring to matter in the record, give the lines and pages of the record where such matter may be found."

In *Martin* v. *Martin*, 74 Ind. 207, it was said by the court, Woods, J., delivering the opinion: "No matter what error the court below might have committed, it is not manifest in the record, unless saved in the lower court and presented in this court, in accordance with the rules of practice. These rules of practice are the law of the land, their reasonableness is justified by experience, and, unless ready to abrogate, we have no right to disregard them. We never go beyond the brief of the appellant to search the record in quest of errors which have not been pointed out in the brief."

As we have before said, the brief of appellant does not comply with the rules of this court, as no argument is attempted, no authorities cited, and no reference is made to the record; and therefore, in harmony with the authorities cited in this opinion, and the uniform practice, we must hold that appellant has waived all alleged errors, and the judgment must be affirmed.

Judgment affirmed.