## McNamara v. Beck et al.

[No. 2,675. Filed January 26, 1899.]

NEGLIGENCE.—*Action by Child.*—*Proximate Cause.*—*Special Verdict.*
—To authorize a judgment for plaintiff on a special verdict, in an
action by a child for alleged injuries caused by the negligence of
the defendant, the verdict must not only show that the infant was
of such tender years that it was *non sui juris*, but facts must also
be found from which the court could, as a matter of law, adjudge
the defendant guilty of negligence which was the proximate cause
of the injury.

From the St. Joseph Circuit Court. *Affirmed.*

*J. G. Orr* and *G. E. Clarke*, for appellant.

*Daniel Rich* and *Anderson & DuShane*, for appel-
lees.

HENLEY, J.—This was an action brought by the ap-
pellant against appellee on account of an alleged in-
jury received by appellant, by being run over by an

ice wagon driven by a servant of appellee. It is alleged that the wagon was, at the time the injury occurred, being negligently driven. Appellant is a child about two years old. The damage done appellant was slight, and not permanent. .The jury returned a special verdict, finding that appellant had been damaged in the sum of $125. Both parties moved for judgment upon the special verdict. The lower court sustained the motion of appellee, and overruled that of appellant.

The only error assigned by appellant is that the lower court erred in overruling appellant's motion for judgment upon the special verdict. Appellant's brief in this cause, excluding the caption, and including a statement of the case, covers less than one page of written manuscript. Counsel for appellant say: "The jury found that the plaintiff, at the time of the injury complained of, was an infant under two years of age; that he was injured by being run over by an ice wagon negligently driven by defendant's servant. They also found that the parent of the infant was negligent in exposing him to danger. See special verdict, pages fifteen to twenty-five of transcript. The trial court reluctantly followed the cases of *Lafayette, etc., R. Co.* v. *Hoffman*, 28 Ind. 287, and *Hathaway* v. *Toledo, etc., R. Co.*, 46 Ind. 25, and overruled plaintiff's motion for judgment on the special verdict. This ruling is assigned as error. It is only necessary to refer to the recent case of *City of Evansville* v. *Senhenn*, 151 Ind. 42 (wherein the cases holding the doctrine of imputed negligence to be applicable in such a case as this are overruled), in order to substantiate appellant's claim that the trial court, in overruling appellant's motion for judgment on the special verdict, was in error, for which error appellant asks that the decision be reversed." We express a doubt as to the sufficiency of

the argument in this brief to prevent a waiver of the questions arising upon the special verdict. *Simons Adm.* v. *Beaver*, 16 Ind. App. 492; *Shrimpton* v. *Keyes*, 17 Ind. App. 305, and cases therein cited.

In this cause it is necessary that the verdict should show, not only that the appellant was an infant of such tender age that it would be *non sui juris,* and hence the court would not predicate negligence upon its own conduct, but it is just as important and material that the verdict also find facts from which the court could, as a matter of law, adjudge appellee guilty of negligence which was the proximate cause of appellant's injury. Appellant, even though *non sui, juris,* cannot recover unless it be shown that the injury was the direct result of the negligence of appellee. This action having been brought by the injured infant for his own benefit, the doctrine of imputed negligence is not applicable. *City of Evansville* v. *Senhenn, supra.* The special verdict wholly fails to show that appellant's injury was the result of the negligence of appellee. It is true, there is a finding in the verdict consisting of the following question and answer: "Q. 32. Did said injury to plaintiff result from the negligence of defendant's said servant Oscar Beck? Ans. Yes." It was for the court to determine from the facts found, whether or not appellant's injury was caused by the negligence of appellee, and such finding was unauthorized and will be disregarded. *Conner* v. *Citizens', etc., R. Co.,* 105 Ind. 62; *Louisville, etc., R. Co.* v. *Roberts,* 18 Ind. App. 538. It was found by the jury that the team driven by appellee's servant was a gentle team and was going along in a slow walk; that the lines were in easy command of the driver, and that the team stopped or moved on at the command of the driver; that, if the driver had been on the seat of the wagon he could not have seen the child when

he was injured; that he was inside the wagon, looking in the direction in which he was driving; that the sides of the wagon were closed, so that he could not see to left or right; that there was no evidence as to how appellant's leg got under the wheel, and there was no evidence to show what appellant was doing when he was struck by the ice wagon. The yard back of where appellant lived was not fenced, and, when last seen by any one before he was injured, he was playing in the back yard. Appellee's servant driving the wagon was going slowly through the alley adjoining the back yard where appellant lived, stopping to deliver ice at various places. The jury say that appellee's servant in charge of the team did not see appellant prior to the injury; that the evidence does not show how appellant happened to get under the wagon, nor what he was doing. The lower court correctly rendered judgment for appellee upon the facts found by the jury. No court could, from the facts before it, as found by the special verdict herein, say, as a matter of law, that appellant's injury was proximately caused by the negligent act of appellee. The facts from which negligence could be found by the court are not stated. There is no error in the record. Judgment affirmed.