## BARKER v. SAVAS et al.

No. 3145.   Decided April 16, 1918.   On Petition for rehearing
May 9, 1918.   (172 Pac. 672.)

1. HIGHWAYS—PEDESTRIANS—DEATH—CAUSE OF DEATH—EVIDENCE.
   Evidence *held* sufficient to sustain a finding that plaintiff's child
   was killed by an automobile, and that defendant's automobile killed
   it.   (Page 267.)

2. TRIAL—WEIGHT OF EVIDENCE—QUESTION FOR JURY.   The truth of
   testimony is for the jury.   (Page 267.)

3. HIGHWAYS—SUFFICIENCY OF EVIDENCE.   In action for death of child
   killed while riding his tricycle on a broad open highway in the day-
   time, evidence *held* sufficient to sustain a finding that an automobile
   driver was negligent, although no one saw the accident.[1]   (Page 268.)

4. HIGHWAYS—PERSONS ON ROAD—DUTY TO SEE PERSONS ON ROAD.
   The law imposes the duty on an automobile driver to see persons on
   the road in front of him where his view is unobstructed.[1]   (Page 268.)

5. HIGHWAYS—COLLISIONS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   Evidence *held* to show that child on tricycle on a road killed by an
   overtaking motor truck was not guilty of contributory negligence.
   (Page 270.)

6. DEATH—PRESUMPTIONS AS TO DUE CARE BY DECEASED—BURDEN OF
   PROOF.   A child killed on the road on a tricycle by an overtaking
   motor truck, in the absence of evidence to the contrary, will be
   presumed to have been exercising due care, the burden being on
   defendant to rebut the presumption.[2]   (Page 270.)

7. EVIDENCE—CONCLUSIONS OF WITNESS.   Testimony that defendant
   had admitted driving his automobile on the R road "about the
   time we figured the accident happened" was a conclusion, and
   should have been stricken.   (Page 270.)

8. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE.   Where there
   was no controversy as to the time defendant drove his motor truck
   along a road, a conclusion of a witness that he admitted driving it
   there "about the time of the accident" was harmless.[3]   (Page 270.)

9. EVIDENCE—CONCLUSIONS OF WITNESS.   Testimony of a witness that
   he went to the scene of an accident and saw deceased lying there

[1] *Corbett* v. *O. S. L. R. Co.*, 25 Utah, 449, 71 Pac. 1065; *Palmer* v.
*Railroad Co.*, 34 Utah, 466, 96 Pac. 689, 16 Ann. Cas. 229; *Jensen* v.
*Railroad Co.*, 44 Utah, 100, 138 Pac. 1185.
[2] *Lewis* v. *Railroad Co.*, 40 Utah, 483, 123 Pac. 97.
[3] *R. G. W. Ry. Co.* v. *Utah Nursery Co.*, 25 Utah, 187, 70 Pac. 859.

and saw the track of the automobile "that had run over him" was a conclusion, and should have been stricken.    (Page 270.)

10. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE.  Although testimony of a witness was a conclusion, it was harmless, where every fact with which the witness was acquainted was then and there known to the jury, and the jury knew it was a conclusion, under Comp. Laws 1907, section 3285, providing that no exception shall be regarded unless the decision excepted to is material and prejudicial to the substantial rights of the party excepting.[1]    (Page 270.)

11. DEATH—CHILD—CONTRIBUTORY NEGLIGENCE OF PARENT.  A parent was not guilty of contributory negligence in allowing a bright six year old child to go a short distance down a road with a tricycle, where she watched him until he started to return.    (Page 271.)

12. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS.  Where there was no contributory negligence, there was no prejudicial error, if error, in instructing that under the pleadings the jury could not take the question of contributory negligence into consideration.    (Page 271.)

Appeal from District Court of Salt Lake County, Third District; *Hon. W. H. Bramel,* Judge.

Action by Charles Barker against Andrew Savas and others.

Judgment for plaintiff.  Defendant appeals.

AFFIRMED.

*J. J. Whitaker* for appellants.

*Willey, Willey & Watkins* for respondent.

THURMAN, J.

This is an action to recover damages for the death of a minor child, son of plaintiff, alleged to have been caused by the negligence of the defendants.  It is alleged, in substance, that while said child was riding northerly along and upon the east side of what is known as the "Redwood Road," in the

---

[1] *R. G. W. Ry. Co.* v. *Utah Nursery Co.,* 25 Utah, 187, 70 Pac. 859.

Taylorsville district, Salt Lake County, a large truck automobile driven and directed by defendant Andrew Savas, in a northerly direction, at a dangerous rate of speed, negligently, carelessly, and willfully ran upon and against said child, knocking and throwing him with great and violent force to the ground, thereby causing his immediate death. It is also alleged that the said Andrew Savas was at the time the servant and employee of the defendants and acting in the due course of their business, and that the child at the time of his death was of the age of six years, strong, able-bodied, and capable and able to render aid, assistance, and comfort to the plaintiff. Damages are alleged in the sum of $6,250, for which the plaintiff prays judgment. The case was tried to a jury, which returned a verdict for the plaintiff for $2,500. Judgment for said sum was duly entered; motion was made for a new trial and overruled. Defendants appeal.

Appellants assign as error the admission of certain evidence, error in instructions to the jury, and insufficiency of the evidence to sustain the verdict.

The most serious question presented, and the one most earnestly insisted upon by appellants, relates to the sufficiency of the evidence to sustain the verdict. This necessitates a careful consideration of all the evidence relied on by respondent. There is substantial evidence in the record tending to show the following facts: That the son of respondent, who will hereafter be referred to as "the deceased," was six years old at the time of his death; that he lived with his parents in Taylorsville, Salt Lake county; that he was a bright, able-bodied child, above the average size for his age; attended school alone; did little chores for his parents, such as bringing in water and fuel, picking up tin cans, raking up débris on the lot, and did small errands for his parents; that his home, where he lived with his parents, was situated on the east side of the Redwood road referred to in the complaint, about 1,500 feet north of the Taylorsville blacksmith shop, and the blacksmith shop was on the west side of the road; that approximately halfway between the plaintiff's home and the blacksmith shop the cemetery grounds were situated on the west

side of the road, and a canal on the other, the waters of the canal coming close to the road; that the road through this section of the country and for several hundred feet both north and south was level and free from obstructions—nothing to obscure the vision or prevent objects upon the road from being seen throughout the entire distance. The traveled road was from two and a half to three rods wide. The day on which the accident occurred was somewhat cloudy with some wind and dust, but not considerable.

At about twelve-thirty p. m. on the 6th day of November, 1915, the deceased was at the home of his parents above referred to. He had been to the blacksmith shop a few minutes before to get his tricycle repaired by his father, and had returned. At about the hour named some little boys were passing the plaintiff's home with a little pony and saddle horse, going south on the road. Deceased asked his mother, who was scrubbing the floor, if he might follow the little boys down to the cemetery, which, as before stated, was just opposite, the canal. She gave him permission and watched him until he reached the cemetery bridge. He rode his tricycle. She saw him down to that point, and when he turned to come home. That was the last time she saw him alive. While he was at the point mentioned he was seen by the witness David Cook. Deceased was watching the little pony drink out of the canal. David Cook knew deceased and talked with him, but the conversation was not disclosed. The witness saw deceased start north on his tricycle on the east side of the road. Witness went south to the blacksmith shop where he worked. While on his road to the blacksmith shop a truck automobile passed him, going north. Melvin Devereaux, another witness, saw deceased on his tricycle going north on the east side of the road. Deceased was north of the canal. This witness also saw the truck going by just behind the boy; then went into his shop. Clyde Panter, another witness, a clerk at Lindsey's store, south of the blacksmith shop, took his lunch at home, about a quarter of a mile north. Returning from his lunch to the store, a large truck automobile passed him going north. A. B. Caldwell, another witness,

attending a funeral still farther south than Lindsey's store, saw a large truck automobile pass the Ward House, where the funeral was held, going north. Two other witnesses saw the same kind of an automobile going north. It is described by all the witnesses as a truck automobile, light-colored top and dark body. Some of the witnesses say that the automobile was going very fast. The witnesses agree substantially as to the time when the truck went by, which varied all the way from twelve-thirty to one o'clock p. m. One or two witnesses recognized the truck as one which the Greeks drove between Salt Lake and Bingham. There is, however, no controversy concerning the fact that the defendant Andrew Savas, at about that time, drove over the road in just such a vehicle, going north, and it undoubtedly was the one seen and testified about by the witnesses above named. He was on business for the defendants. The testimony further tends to show that no other automobile passed over the road, in either direction, for some time before or after the truck passed by. The first one seen to pass afterwards was that of the witness Geo. A. Jenkins, undertaker, going north from the funeral to which we have referred. At a point somewhere from 200 to 400 feet north of the point where the canal touches the road heretofore mentioned, the witness Jenkins found, on the east side of the road, the little tricycle lying on its side, and about thirty feet north of the tricycle the body of the deceased. He turned the body over, and found that the boy was dead. He made inquiry in the neighborhood, and found the mother, who identified the body as that of her son. He found the tracks of an automobile which had turned partially out of the traveled road near where the tricycle lay and then back into the road at a point north of where the body was found. The track of the automobile was quite plain. He thought the track he saw was made by a pneumatic tire. He had preceded the funeral procession, which was traveling north, by about fifteen or twenty minutes. When the funeral procession arrived at the point where he found the body, at the suggestion of Mr. Jenkins, it halted a few minutes, while some of the cortége examined the premises. The procession then moved on, and the

witness, as undertaker, took charge of the deceased. The right wheel of the tricycle was somewhat bent. There were some bruises and abrasions on the face, left arm, and hand of the deceased, and the neck was broken, the bones being fractured, which in the opinion of the medical witnesses caused immediate death.

The defendant Andrew Savas admitted that he drove an automobile, of the description above given, from Bingham to Salt Lake City on the day in question, and passed the points above referred to at or about the time testified to by the witnesses, but denied any knowledge whatever of having struck the boy. His automobile had pneumatic tires in front and solid tires behind. It was testified by a former partner, who was unfriendly to him, that the defendant, in conversation with him after the accident, said he remembered something happened, that he looked back and saw the boy lying on the side of the road; that he saw no one had seen him and he drove on, increasing his speed. This testimony was vigorously assailed by impeaching witnesses, and considerable effort was made to destroy its effect.

The foregoing, in substance, constitutes the evidence in the case. As will be seen, the evidence as to the accident itself is almost entirely circumstantial. No eye saw it as far as the record discloses, and the jury that tried the case was compelled to ascertain the facts from such inferences as were warranted from the circumstances detailed by the witnesses.

That the deceased was struck by an automobile seems to be absolutely conclusive. If he had fallen off his tricycle without some violent force being applied, it seems altogether improbable that his neck would have been broken, much less the bones fractured as shown by the evidence. Furthermore, in such case it is impossible to conceive how 1, 2 the body would become separated from the tricycle by a distance of thirty feet. That the body was either thrown from the tricycle by a considerable force, or was dragged from it and borne along to the point where it was found, is a conclusion which cannot be avoided in the light of the evidence laid before the jury. In whatever way the accident happened it

must have occurred probably within less than five minutes from the time his mother and the witness Cook saw him leave the canal and start toward home. The distance from the canal to the point where his body was found was not exceeding from 200 to 400 feet, as before stated. The witnesses differ as to the exact distance. It will be remembered that Cook started south when the deceased started home. The truck automobile passed him going north before he reached the blacksmith shop, which was only 700 or 800 feet from the point where he left the deceased. The witness Devereaux saw the deceased when he started north from the canal, and then saw the automobile close behind him. This was the only automobile that passed in either direction at or near the time of the accident. If circumstantial evidence is permissible in any case and the jury is permitted to infer facts therefrom, how can this court, in the light of these circumstances, say there is no substantial evidence to sustain the inference that the defendant's automobile struck the boy and caused his death? The evidence, we believe, was sufficient to take the case to the jury and sustain its verdict independent of the controverted admission of defendant that something happened to him, and he looked back and saw the boy lying on the side of the road. The truth of this alleged admission, however, was a matter to be determined by the jury.

But it is contended by appellant that there is no evidence of negligence on his part, or want of due care in driving his machine. The circumstances tend to show that the deceased was riding his tricycle on the east side of the road, near the very edge of the traveled thoroughfare, where 3, 4 he should have been in the exercise of reasonable care. Huddy on Automobiles (3d Ed.), section 120. All of the remainder of the road lying west of where the deceased was riding was open to the defendant. He was behind the deceased, with nothing to obscure or obstruct his vision. If he had looked ahead, as was his duty to do, there was nothing to prevent his seeing the deceased in time to avoid the collision. That it was his duty to look ahead in the exercise of reasonable care, in cases of this kind, is so generally recognized as a legal

duty as to be beyond all controversy. Indeed the doctrine is elementary. Berry on Automobiles (2d Ed.), pp. 137, 148, 332, 333, 345; Babbitt on Motor Vehicles, section 244, at page 268, also section 303, p. 300, and section 5410, p. 1107; David's Motor Vehicles, section 154, p. 141; *Corbett* v. *O. S. L. R. Co.*, 25 Utah, 449, 71 Pac. 1065; *Palmer* v. *Railroad Co.*, 34 Utah, 466, 98 Pac. 689, 16 Ann. Cas. 229; *Jensen* v. *R. R. Co.*, 44 Utah, 100, 138 Pac. 1185; *Theis* v. *Thomas* (Sup.) 77 N. Y. Supp. 276; *O'Dom* v. *Newnham*, 13 Ga. App. 220, 80 S. E. 36; *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504, 18 N. E. 108; *Shipelis* v. *Cody*, 214 Mass. 452, 101 N. E. 1071; *Hennessey* v. *Taylor*, 189 Mass. 583, 76 N. E. 224, 3 L. R. A. (N. S.) 345, 4 Ann. Cas. 396; *Hodges* v. *Chambers*, 171 Mo. App. 563, 154 S. W. 429; *Deputy* v. *Kimmell*, 73 W. Va. 595, 80 S. E. 919, 51 L. R. A. (N. S.) 989, Ann. Cas. 1916E, 656; *Haake* v. *Davis*, 166 Mo. App. 249, 148 S. W. 450; *So. Ry. Co.* v. *Wiley*, 112 Va. 183, 70 S. E. 510.

Counsel for appellant cites and quotes at great length numerous cases which he insists support his contention that there is no evidence in this case of the defendant's negligence. *Hicks* v. *Roumaine*, 116 Va. 401, 82 S. E. 71; *Neill* v. *Chicago, etc., Ry. Co.*, 2 L. R. A. (N. S.) 909, note; *Schier* v. *Wehner*, 116 Md. 553, 82 Atl. 976, Ann. Cas. 1913C, 1053; *Lee* v. *Jones*, 181 Mo. 291, 79 S. W. 927, 103 Am. St. Rep. 596; *McNamara* v. *Beck*, 21 Ind. App. 483, 52 N. E. 707; *Winter* v. *Van Blarcom et al.*, 258 Mo. 418, 167 S. W. 498; *So. Ry.* v. *Hall's Adm'rs*, 102 Va. 135, 45 S. E. 867; *Havermale* v. *Houck*, 122 Md. 82, 89 Atl. 314; and many others too numerous to mention. The most casual reading of the cases cited by appellant shows that they are clearly distinguishable from the present case. Here the deceased was riding his tricycle on the highway, as he had the right to do. He was riding north, and the circumstances indicate he was on the extreme east side of the road, as was his duty in the exercise of reasonable care. Defendant's automobile approached from the rear. His vision was unobstructed; he could have seen deceased if he had looked, and the law imposed upon him that duty.

As regards the question of the deceased's negligence, the

evidence tends to show affirmatively that he was not negligent. Besides this, if it be said that a child of his age can be guilty of contributory negligence, in this case there being no evidence to the contrary, the law presumes he was in the exercise of due care, and the burden was on the defendant to rebut this presumption. *Lewis* v. *Railroad Co.,* 40 Utah, 483, and cases cited at pages 494 and 495, 123 Pac. 97.

During the course of the trial Sheriff Corless, a witness for the plaintiff, while testifying as to a conversation he had with defendant after the accident, was asked, by plaintiff's counsel, the following question:

"I will ask you whether or not he (meaning defendant) said that he passed there about one o'clock."

This was objected to as leading. · Objection overruled. The witness answered:

"I know he did admit passing on the Redwood road about the time we figured the accident happened."

Appellant then moved to strike out the answer as being a conclusion. The motion was denied. The motion ought to have been granted, as the answer was undoubtedly a conclusion of the witness, but there was no substantial controversy whatever as to the time defendant passed the point where the accident occurred. The error, therefore, was harmless. Again, the same witness, at a later stage of the testimony, while testifying concerning the place of the accident was asked by plaintiff's counsel:

"Describe what you saw there."

The witness answered:

"I saw the boy lying by the side of the road and the tricycle a few feet from him. The boy was dead when I got there. There was some man there that was keeping all the people and every vehicle from the track of this automobile that had run over him."

Counsel for appellant moved to strike out the answer as being a conclusion of the witness. The motion was denied. This motion also should have been granted. The answer of the witness was undoubtedly a mere conclusion; but the

question again arises, Was it prejudicial? It is manifest the witness drew his conclusion from the circumstances laid before the jury, with which the jury was equally familiar with himself. Every fact with which the witness was acquainted was then and there known to the jury. The jury knew that he was not an eye-witness to the accident, and therefore knew that he was drawing his conclusion solely from the facts and circumstances with which they were familiar. Under these circumstances we cannot presume the error was prejudicial. Comp. Laws Utah, 1907, section 3285, reads:

"No exception shall be regarded unless the decision excepted to is material and prejudicial to the substantial rights of the party excepting." *R. G. W. Ry. Co.* v. *Utah Nursery Co.*, 25 Utah, 187, 70 Pac. 859.

This assignment cannot be sustained.

The court instructed the jury in effect that, the defendant not having raised the question of contributory negligence on the part of the deceased or his parents, that question should not be by them taken into consideration. This is assigned as error. We have already shown there was **11, 12** no evidence of contributory negligence on the part of the deceased, and that if such could be attributed to a child of his age and understanding, there being no evidence of his negligence, in view of his death by the accident, the law presumes that he exercised reasonable care for his own safety. This assignment of error is inexplicable. Appellant assumes that deceased came to his death on the road from the blacksmith shop to his home; that plaintiff, having started him on that journey, cannot recover for the injury that may have occurred, because in sending a boy of his age and discretion out on the public highway he was guilty of contributory negligence. This theory and assumption of appellant do not reflect the facts as we read the record. The deceased left the blacksmith shop, after his father had repaired his tricycle, and must have gone straight home as his father directed, for we find him there a few minutes after. He then obtained permission of his mother to follow the boys with the pony down to the cemetery, as we have heretofore shown. She carefully

watched him to that point, and saw him turn and start for home. Certainly there is not a scintilla of evidence in the record that any negligence of the plaintiff contributed to the injury complained of. Neither was there any negligence on the part of the mother. If the jury in this case had rendered a special verdict and found against the plaintiff on the grounds of contributory negligence of any of the parties concerned, and the question were presented to this court for review, we would feel it our duty to reverse the cause on that ground alone. While the court is not willing to concede that the instruction complained of was proper, merely because contributory negligence was not pleaded as a defense, we do hold that, under the facts of this case, the court did not err in giving the instruction.

Neither did the court err in respect to the measure of damages or the admission of evidence in relation thereto. Rulings of the court in respect to the question of damages were fairly within the case of *Corbett* v. *O. S. L. R. R. Co.*, supra.

We find no error in the record. The judgment is affirmed. Respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.

On Petition for Rehearing.

THURMAN, J.

Appellant has applied for a rehearing on the alleged grounds that there is no evidence of his negligence and that it is consistent with all the facts, and probable, that deceased ran his tricycle into appellant's machine without his fault. Appellant cites authorities.

These same propositions and authorities are relied on in appellant's former brief and were urged at the oral argument. They were carefully considered by the court and its conclusion thereon is reflected in the opinion handed down. Nothing new is presented in the application for a rehearing. It would add nothing to the weight of our opinion to again review the evidence and report our conclusions. The facts

and circumstances are sufficiently reflected in the opinion to show that it is a case in which reasonable men might differ as to the defendant's negligence. In such circumstances we have no power to determine what the fact is as a matter of law. In *Newton* v. *R. R. Co.*, 43 Utah, 226, 134 Pac. 570, the correct rule is stated:

"All that can be said is that, unless the question of negligence is free from doubt, the court cannot pass upon it as a question of law; that is, if after considering all the evidence and the inferences that may be deduced therefrom the court is in doubt whether reasonable men, in viewing and considering all the evidence, might arrive at different conclusions, then this very doubt determines the question to be one of fact for the jury and not one of law for the court."

The application for a rehearing is denied.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.