[No. 34538. Department One. August 28, 1958.]

DEBORAH COX, *a Minor, by Richard Cox, her Guardian ad Litem, et al., Respondents and Cross-appellants,* v. ARTHUR HUGO *et al., Appellants.*[1]

[1]Reported in 329 P. (2d) 467.

*Del Cary Smith* and *Del Cary Smith, Jr.*, for appellants.

*Cashatt & Williams* and *James P. Connelly,* for respondents and cross-appellants.

HILL, C. J.—Deborah Cox, five years and eight months of age, was severely burned when her clothing ignited while playing in or near the remains of a small trash (a cardboard box filled with paper) fire started by the thirteen-year-old

son of the defendants, Mr. and Mrs. Arthur Hugo. It had been started at his mother's direction, and was about three feet inside the curb line adjacent to the Hugo property on ground which was part of the street, but not used as such. The fire burned down and seemed to be out when Deborah started playing around it, but in some manner it ignited her clothing.

Deborah, suing by her guardian *ad litem*, sought to recover damages for her injuries from Mr. and Mrs. Hugo. Her parents, Mr. and Mrs. Richard Cox, sought recovery from the Hugos in a separate cause of action for doctor and hospital bills theretofore and thereafter to be incurred. Both causes of action were joined in the same complaint and were founded upon alleged negligence in failing to exercise ordinary care in starting, maintaining, and extinguishing the fire.

The jury returned a verdict for the defendants on both causes of action.

The trial court granted Deborah a new trial on her cause of action, and the defendants appeal from that order. It denied her parents a new trial on their cause of action, and from that order they appeal.

Deborah was granted a new trial for the reason that the trial court had admitted evidence which tended to establish her contributory negligence. Although the trial court ultimately took that issue from the jury, it had observed the reaction of the jury to that testimony, and was

". . . thoroughly convinced that said testimony definitely influenced the jury in reaching the decision it did and was prejudicial to the plaintiff Deborah Cox's cause of action."

The trial court was "convinced that the admission of said testimony deprived the plaintiff Deborah Cox of substantial justice in the trial of the first cause of action."

In addition, the trial court believed

". . . that the co-mingling of evidence touching on the plaintiff Deborah Cox's contributory negligence, and evidence relating to the parents Richard Cox and Gayle

Cox's contributory negligence, confused the jury and substantial justice was not done." . . .

The defendants, appealing from the order granting a new trial, urge: First, that the trial court erred in taking the issue of the child's contributory negligence from the jury, and that they were, under the circumstances of the case, entitled to have that issue go to the jury; second, that if any error was committed in admitting the evidence of the child's contributory negligence, it was cured when the jury was instructed,

" . . . that a child of this age has usually not reached the period of mental development which will bring discretion or discriminating care even in its own self-protection, and you are instructed to wholly disregard any allegations or testimony in any manner tending to establish any negligence of any kind on the part of said child."

The defendants make an intriguing argument, and cite one case as authority for the proposition that the contributory negligence of a child five years old is a question for the jury, *Voegeli v. The Pickel Marble & Granite Co.* (1892), 49 Mo. App. 643. We think the case hardly goes that far. What the court said was,

"If it [the child's contributory negligence] could be made a question at all, it would be one of fact for the jury, and, as the defendant failed to make the defense by answer, it was not entitled to have the question submitted."

We are not persuaded that we should abandon the rule approved in *Von Saxe v. Barnett* (1923), 125 Wash. 639, 217 Pac. 62, that in cases of injury to children between five and six years (and, of course, under five) there is a conclusive presumption that they could not be contributorially negligent.

Judge Holcomb, in that case, indicated that the authorities justified a three-way division: (a) under six years of age a conclusive presumption that a child was incapable of contributory negligence; (b) six to perhaps fourteen, a *prima facie* presumption, which could be rebutted by evidence of unusual natural capacity, physical condition, train-

ing, habits, experience, surroundings, and the like; (c) over fourteen, the burden should be on the infant to show want of capacity, if that was in issue.

■ We decide nothing here, except that under six there is a conclusive presumption that a child cannot be contributorially negligent.

We did not justify the rule on the basis that a child of that age was lacking in knowledge of danger, but because it was lacking in judgment and discretion. In that case we said, speaking of a child of five years and four months (p. 645),

"At such an age a child is a creature of impulse and impetuosity. It has no habits of deliberation and forethought. While at play it might remember none of the warnings that had been given."

The court also said in that case (p. 645),

"The application of the doctrine of contributory negligence, in any event, is but the result of public policy, in order that all may remember their own situation and be responsible for their own acts, and not thrust all the responsibility upon others. It should have no application to a child of tender years, and can have no application except in those cases where, as we have held, the child was of sufficient years, knowledge, experience, intelligence, judgment and discretion to be capable to some extent of deliberating and acting upon its own experience and judgment.

"The superior court should, therefore, have decided, as a matter of law, that appellant, a child of five years and four months, was incapable of contributory negligence."

■ As we have pointed out, the trial court was positive that despite its instruction that Deborah could not be contributorially negligent, the jury had been influenced by the testimony on that issue, which had been erroneously admitted. The error was compounded by permitting the issue of the contributory negligence of Deborah's parents to be submitted to the jury on their cause of action. The strength of the evidence on the issue of the negligence of the defendants lends further support to the trial court's conclusion that in one way or another the evidence relative to con-

tributory negligence—her own or her parents—prevented Deborah from having a fair trial.

The trial court's order granting a new trial on Deborah's cause of action is affirmed.

On the cross-appeal, Deborah Cox and her parents urge that the negligence of the defendants in failing to see that the fire was completely extinguished, or in failing to take the necessary precautions to protect the children known to be about, constitutes negligence, as a matter of law, which is the proximate cause of her injuries, and that any new trial on either cause of action should be limited to damages only.

The question is close, but the fact that Arthur Hugo, Jr., warned Deborah and another child, and that they left the area of the fire apparently heeding his advice, is sufficient to make the likelihood of danger and the foreseeability of the children's return jury questions.

On the cross-appeal, Deborah's parents insist that there was no evidence of contributory negligence on their part, and that on their cause of action that issue should not have been submitted to the jury.

With this we agree. There is no evidence of contributory negligence by Deborah's parents, unless we are prepared to hold that parents with five-year-old children, who let them go out of the house to play and do not keep them under constant surveillance during the period they are outside of the house, are negligent in their care of their children. We are not prepared to so hold. The law imposes no such impracticable standard. Parents are not required to restrain their children within doors at their peril. *Westerfield v. Levis Bros.* (1891), 43 La. Ann. 63, 9 So. 52.

There is no evidence that Deborah's parents knew, or should have known, that their neighbors had started a trash fire in the street. There was nothing to alert them to any danger. Deborah was in and out of the house, and had been in the house within five minutes of the time she was burned.

In *Doren v. Northwestern Baptist Hospital Ass'n*

(1953), 240 Minn. 181, 60 N. W. (2d) 361, 42 A. L. R. (2d) 921, it is said (pp. 191, 192),

"The rule is well established that a parent is required to exercise that degree of care for a child which a reasonably prudent person would exercise under the same conditions. *Mattson v. Minnesota & North Wisconsin R. Co.*, 98 Minn. 296, 108 N. W. 517. There is no evidence here which would support a finding that Joel's parents had failed to exercise such care. . . ."

"For recovery of a parent to be barred because of negligence, the evidence must establish that the parent had some knowledge that the child was frequenting dangerous areas and failed to warn with reference thereto or otherwise take adequate precautions to prevent the child from going into such areas. . . ."

See, also, *Deach v. St. Paul City R. Co.* (1943), 215 Minn. 171, 9 N. W. (2d) 735; *Barker v. Savas* (1918), 52 Utah 262, 172 Pac. 672.

■ The issue of contributory negligence of Deborah's parents should not have been submitted to the jury. This was patently prejudicial, and the trial court erred in refusing to grant Mr. and Mrs. Cox a new trial.

The trial court's order, granting a new trial to Deborah Cox on her cause of action, is affirmed; the trial court's order, refusing to grant a new trial to her parents, Mr. and Mrs. Richard Cox, on their cause of action, is reversed— with instructions to grant them a new trial.

MALLERY, FINLEY, FOSTER, and HUNTER, JJ., concur.