Gene SHIPP, a minor, by Raymond Shipp, his guardian ad litem, Appellant,

v.

"Bud" CURTIS, dba Bud Curtis' Thrifty-Way Market, Appellee.

No. 18391.

United States Court of Appeals Ninth Circuit.

June 4, 1963.

Kizer, Gaiser, Stoeve, Layman & Powell, Benjamin H. Kizer and John G. Layman, Spokane, Wash., for appellant.

Randall, Danskin, Lundin & Allison, A. A. Lundin and Robert T. Carter, Spokane, Wash., for appellee.

Before JERTBERG and BROWNING, Circuit Judges, and JAMESON, District Judge.

JERTBERG, Circuit Judge.

This is an action based on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff is a citizen and resident of the State of Idaho, and the defendant is a resident and citizen of the State of Washington. The matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000.00.

The plaintiff appeals from a judgment in favor of the defendant based upon a jury verdict in his favor, and the order of the District Court denying plaintiff's motion for judgment notwithstanding the verdict of the jury, or, in the alternative, for a new trial.

It is stated as an admission of fact in the pre-trial order "That on or about June 16, 1960, Gene Shipp, then six years of age, in company with his older brother, Jackie, and his mother, was in the store of the defendant in Cashmere, Washington, as a business invitee. As Gene Shipp was leaving the store, he sustained injuries caused by the breakage of glass installed in the North exit door of the store."

The complaint charged that the defendant failed to exercise reasonable care for the safety of plaintiff by not providing glass panels in the exit door of the market of sufficient strength and thickness, and that such negligence was the proximate cause of plaintiff's injuries and damages. Defendant, in his answer, denied negligence on his part and as an affirmative defense alleged negligence on the part of plaintiff which proximately contributed to the accident and the resultant injuries.

Plaintiff specifies as errors on this appeal the refusal of the District Court to instruct the jury that because of plaintiff's age he was conclusively pre-

sumed to be incapable of acting negligently, and the giving by the District Court of the following instructions on contributory negligence:

" 'Contributory negligence' is negligence or want of care, as herein defined, on the part of the person suffering injury or damage which proximately contributes to cause the injury and damage complained of. Contributory negligence bars recovery on the part of a person suffering injury or damage, even though the opposing party is guilty of negligence.

"On the other hand, it is not necessary that the defendant prove each and every act of contributory negligence charged against the plaintiff. It is sufficient to bar a recovery by plaintiff if you find, by a fair preponderance of the evidence, that there has been established one or more acts of contributory negligence on the part of plaintiff, and that such act or acts of contributory negligence proximately contributed, to cause the injuries and damages complained of.

"In considering the alleged contributory negligence of the minor plaintiff, you are instructed that it is the duty of such a minor to exercise the same care that a reasonably prudent minor of the same age, intelligence and experience would exercise under the same or similar circumstances. If he fails to do so and such failure proximately contributes to his injuries, then he would be guilty of contributory negligence and could not recover.

"The law of the State of Washington is that a child under six years of age is conclusively presumed to be incapable of contributory negligence and that in the case of a child between the ages of six to fourteen years there is a *prima facie* presumption against his being capable of contributory negligence which

presumption prevails unless overcome by evidence in the case."

The exceptions or objections taken by the plaintiff before the District Judge are in the following form:

" * * * at this time the plaintiff excepts to the Court's submitting to the jury any instruction on the issue of contributory negligence of the minor plaintiff, and objects to the setting forth of such as an issue, as a contention of the parties, or as an issue of the jury to be decided in this case upon two grounds and reasons:

"First, it is our position that in the State of Washington that a minor six years of age, under the age of seven, is conclusively presumed incapable of contributory negligence and it is a presumption which cannot be overcome or set aside for his age. And we contend that the plaintiff is within the age group where the conclusive presumption applies.

"The second ground for the exception and objection for giving this issue to the jury is if the law should be that the conclusive presumption ceases to operate at the age of six, then, it is our position that there is at least a *prima facie* presumption which controls until it is overcome by some evidence of extraordinary capability on the part of the particular minor involved. And it is our position that there has been no evidence in this case, no substantial evidence, which would entitle any trier of the fact to conclude that this minor was possessed of any exceptional capabilities of understanding or appreciation of danger which would cause the presumption to cease to be operative or effective, and it is our position that such an issue for both of these grounds should not be submitted."

Since no issue has been raised on this appeal as to the sufficiency of the evidence produced by plaintiff to take the question of defendant's negligence to the

jury, the only questions presented to us on this appeal are:

1) Is a child of six years of age conclusively presumed incapable of negligence?

2) If the District Court correctly instructed the jury that, in the case of a child of the age of six years, there is a *prima facie* presumption against his being capable of contributory negligence which presumption prevails unless overcome by evidence in the case, was there before the jury sufficient evidence for the jury to find that the *prima facie* presumption had been overcome?

■ Since Federal jurisdiction in this case is based upon diversity of citizenship, the law of the State of Washington governs. Rules of Decision Act, 28 U.S.C. § 1652; Summers v. Wallace Hospital, 276 F.2d 831 (9th Cir. 1960).

The latest expression by the Supreme Court of Washington which has been called to our attention dealing with questions under review on this appeal is Cox v. Hugo, 52 Wash.2d 815, 329 P.2d 467 (1958). In that case the injured child was five years and eight months of age. The question before the Supreme Court was whether the lower court had correctly decided that the child in question was conclusively presumed to be incapable of negligence. In the course of its opinion the Supreme Court states:

"The defendants make an intriguing argument, and cite one case as authority for the proposition that the contributory negligence of a child five years old is a question for the jury, Voegli v. The Pickel Marble & Granite Co., 1892, 49 Mo.App. 643. We think the case hardly goes that far. What the court said was,

" 'If it [the child's contributory negligence] could be made a question at all, it would be one of fact for the jury, and, as the defendant failed to make the defense by answer, it was not entitled to have the question submitted.'

"We are not persuaded that we should abandon the rule approved in Von Saxe v. Barnett, 1923, 125 Wash. 639, 217 P. 62, that in cases of injury to children between five and six years (and, of course, under five) there is a conclusive presumption that they could not be contributorily negligent.

"Judge Holcomb, in that case, indicated that the authorities justified a three-way division: (a) under six years of age a conclusive presumption that a child was incapable of contributory negligence; (b) six to perhaps fourteen, a *prima facie* presumption, which could be rebutted by evidence of unusual natural capacity, physical condition, training, habits, experience, surroundings, and the like; (c) over fourteen, the burden should be on the infant to show want of capacity, if that was in issue.

" * * * We decide nothing here, except that under six there is a conclusive presumption that a child cannot be contributorily negligent."

■ While many earlier cases of the Supreme Court of Washington are cited to us in the briefs involving the application of the doctrine to children of varying ages, we deem it unnecessary to review them in this opinion. In light of the language of the Cox case, and giving weight to the fact that the learned District Judge was an active practitioner in the State of Washington prior to his appointment, we are of the view that the District Court correctly and properly refused to instruct the jury that a child of six years of age is conclusively presumed to be incapable of negligence.

We now consider the propriety of the action of the District Court in submitting the issue of contributory negligence to the jury.

■ The rule appears to be well established in the State of Washington that contributory negligence, being an affirmative defense on which the defendant has the burden of proof, the defendant must produce substantial evidence of the plaintiff's own negligence

before the trial court is required to instruct the jury on contributory negligence. Jackson v. City of Seattle, 15 Wash.2d 505, 131 P.2d 172 (1942); Schneider v. Midwest Coast Transport Inc., 51 Wash.2d 673, 321 P.2d 260 (1953).

It is reversible error in the State of Washington to instruct the jury on an issue which is not supported by substantial evidence. Hughey v. Winthrop Motors Co., 161 Wash.Dec. 225, 377 P.2d 640 (Jan. 10, 1963); Rehearing denied Mar. 21, 1963.

In the Hughey case the Supreme Court stated:

"Contributory negligence is an affirmative defense and the burden of proving it rests on the defendant. If there is no evidence of contributory negligence, it is error to submit the issue to the jury. Schneider v. Midwest Coast Transport, Inc., 51 Wash.2d 673, 675, 321 P.2d 260 (1958); Jackson v. Seattle, 15 Wash. 2d 505, 512, 131 P.2d 172 (1942); Farrow v. Ostrom, 10 Wash.2d 666, 667, 117 P.2d 963 (1941). In this respect, it is analogous to the 'unavoidable accident' instruction. See Cooper v. Pay-N-Save Drugs, Inc., 59 Wash.2d 829, 836, 371 P.2d 43 (1962).

"In Jackson, supra, the trial court gave an instruction on contributory negligence. This court reversed a judgment for defendant, saying,

"'* * * That issue [contributory negligence] should not have been submitted to the jury unless there was substantial evidence that appellant's own negligence proximately contributed to her injury or evidence from which such negligence on her part could reasonably be inferred. * * *' ([15 Wash.2d] p. 512, 131 P.2d p. 176)

"Defendant has not pointed out, and our review of the record has failed to disclose, a single evidentiary fact or circumstance which would support a conclusion that Mrs. Hughey's conduct fell below the standard to which she should have conformed for her own protection.

"Since it is error to submit to the jury an issue where there is not substantial testimony on which to base an instruction (Burge v. Anderson, 164 Wash. 509, 3 P.2d 131 (1931)), the instant case must be reversed."

In the instructions which we have quoted, the District Court informed the jury that it was the duty of the minor plaintiff "to exercise the same care that a reasonably prudent minor of the same age, intelligence and experience would exercise under the same or similar circumstances," and there existed "a *prima facie* presumption against his being capable of contributory negligence, which presumption prevails unless overcome by evidence in the case." From our review of the record we are compelled to say that the defendant failed to sustain the burden which was on him to overcome by substantial evidence the *prima facie* presumption and therefore that the District Court erred in submitting to the jury the instructions on contributory negligence.

In the instant case no affirmative evidence was offered by the defendant on the issue of contributory negligence of the plaintiff as such evidence relates to the age, intelligence and experience of the plaintiff, but in this respect defendant relies entirely upon the testimony given in the plaintiff's case in chief by the father and mother of the plaintiff and cross-examination thereof.

There is no evidence in the record that by reason of his age, intelligence or experience the minor plaintiff should have been aware of or should have appreciated the danger to him in running into the glass door with his hands upraised. There is no evidence that the minor plaintiff had any knowledge of, or warning concerning, such danger. The only testimony upon which the defendant relies to sustain the action of the District Court is extremely meager, consisting of

the testimony that the minor "was a very, very bright and well-mannered boy" and that "he is a pretty good student, I mean pretty good intelligence," and that "he enjoys taking the toys apart, you know that has the little clamp deal on it and looking inside of them and seeing just how they are made, and he does very well for a kid his age." Evidence discloses that the minor plaintiff had lived his life in rural areas; that he had not attended school [either primary or kindergarten] at the time of the accident, although the minor plaintiff knew his A, B, C's. There is no evidence of any familiarity on the part of the minor plaintiff with glass doors, or of any knowledge on his part of any danger appearing therein.

The judgment and order appealed from are reversed and the cause remanded to the District Court with instructions to grant plaintiff a new trial.