[No. 39113. Department One.    June 6, 1968.]

RICHARD C. WHIPPLE, as Guardian, et al., Appellants, v. DONALD B. LAMBERT et al., Respondents.*

*Hamblen, Gilbert & Brooke (Philip S. Brooke, Jr.,* of counsel), for appellants.

*Turner, Stoeve & Layman (John G. Layman* and *Benjamin H. Kizer,* of counsel), for respondents.

WEAVER, J.—This is an action for damages for a personal injury suffered by Patrick G. Whipple, the 9-year-old son of plaintiff, who, as guardian ad litem, appeals from a judgment dismissing the action entered after a jury had returned a verdict for defendants.

Patrick's mother took six of her children to defendants' resort on Williams Lake. They paid their admission fee to go swimming. While Mrs. Whipple was looking after her other children a few feet away, Patrick was jumping off the dock into water 18 to 24 inches deep. On one jump it is alleged that he struck something with his foot. His mother testified that the water was murky because of the swim-

*Reported in 442 P.2d 266.

mers' activities and the fact that sand had been dumped on the beach and stirred up.

Patrick suffered a badly sprained ankle that required the application of at least two casts which had to be worn for a number of months. There is nothing in the record, however, to indicate that he suffered a residual impairment, although there were special damages for medical attention.

It was several days before Patrick's father told defendants of the accident and of its claimed cause.

Defendant husband testified that one of the pontoons under the inshore portion of the dock had sprung a leak 2 or 3 weeks before the accident; that he placed two concrete blocks under the stringers of the dock, at least 6 inches inside the outer framework. Although he knew that the wind caused the dock to swing a bit, his inspections of it did not disclose that the dock swung so that the concrete blocks were exposed. To his knowledge the wind had not shifted the dock nor exposed the concrete blocks prior to the day of the accident. His first knowledge of the condition was when Patrick's father pointed it out to him several days later and stated that his son had injured his foot when he jumped from the dock.

The trial court instructed the jury upon defendants' legal duty to keep the premises safe for business invitees. The instruction is based upon *Knight v. Wandermere Co.*, 46 Wn.2d 768, 284 P.2d 1106 (1955), and *Leek v. Tacoma Baseball Club, Inc.*, 38 Wn.2d 362, 365, 229 P.2d 329 (1951). No error was assigned to these instructions.

When the jury returned a verdict for defendants, it could have been based on one of two theories: that defendants were not negligent in the maintenance of the swimming area, or that Patrick was chargeable with contributory negligence.

At all times, the possibility that Patrick could be charged with contributory negligence was in this lawsuit. Defendants had pleaded contributory negligence as an affirmative defense. At the end of plaintiff's testimony, defendants moved for dismissal upon the ground that plaintiff son was chargeable with contributory negligence as a matter of law.

When it denied the motion, the trial court stated that "the evidence does not establish as a *matter of law* (italics ours) that the plaintiff minor was guilty of contributory negligence."

At the end of all the evidence, plaintiff moved for a directed verdict, one of the grounds being that there was no evidence showing any contributory negligence upon the part of Patrick. Defendants, on the other hand, renewed their original motion that plaintiff was chargeable with contributory negligence as a matter of law.

The trial court ruled that the questions of liability and of contributory negligence were questions of fact for the jury.

We have delineated this procedure to illustrate that the question of contributory negligence permeated the entire trial.

Plaintiff makes two assignments of error: the first, to the court's instructions Nos. 3 and 10; the second, to the court's failure to find defendants guilty of negligence as a matter of law.

Among other things, instruction No. 3 defines "negligence" and "contributory negligence." The instruction states specifically that "contributory negligence bars recovery on the part of a person suffering injury or damage, even though the opposing party is guilty of negligence."

No exception was taken to instruction No. 3. No exception having been taken, instruction No. 3 became the law of the case and cannot be reviewed for the first time on appeal. *McCully v. Fuller Brush Co.*, 68 Wn.2d 675, 683, 415 P.2d 7 (1966), and cases cited.

The second facet of plaintiff's first assignment of error is directed to instruction No. 10:

> You are instructed that the plaintiff, Patrick G. Whipple, was required to use reasonable care for his own safety such as would be exercised by a reasonably prudent person of his age, experience and intelligence. Contributory negligence in a child of plaintiff's age consists in his doing that which an ordinary child of his age, experience and intelligence would not do, or in failing to do that which said child would do under the same circumstances, surroundings and conditions. In determining

the question of whether or not the plaintiff Patrick G. Whipple was guilty of contributory negligence, it is your duty to take into consideration his age, his experience or lack of experience, his knowledge or lack of knowledge, and the amount of prudence, care and judgment which would ordinarily and reasonably be expected of a boy that age under the circumstances and conditions as disclosed by the evidence.

In his appellate brief, plaintiff urges that this court held in *Cox v. Hugo,* 52 Wn.2d 815, 329 P.2d 467 (1958), that there is a prima facie presumption that a child between the ages of 6 and 14 is incapable of contributory negligence unless there is evidence to rebut the presumption. *Cox v. Hugo, supra,* is not authority for this statement. The opinion states:

> We decide nothing here, except that under six there is a conclusive presumption that a child cannot be contributorially negligent.

In fact, instruction No. 10, quoted *supra,* is based upon the well-considered opinions of *Graving v. Dorn,* 63 Wn.2d 236, 386 P.2d 621 (1963), and *Seholm v. Hamilton,* 69 Wn.2d 604, 419 P.2d 328 (1966).

Instruction No. 10 simply told the jury that Patrick's actions were to be judged in the light of his age, experience and intelligence. It would have been error not to have given the instruction, for the jury then would have been required to apply adult standards to him. Actually, the instruction is more favorable to plaintiff than it is to defendants.

Plaintiff's second assignment of error is that defendants were guilty of negligence as a matter of law. We do not agree. As we have already pointed out, defendants' alleged negligence was a question of fact. The jury was properly instructed upon defendants' responsibilities as operators of the resort. See *Knight v. Wandermere Co., supra,* and *Leek v. Tacoma Baseball Club, Inc., supra.*

The judgment is affirmed.

FINLEY, C. J., HALE and NEILL, JJ., and LANGENBACH, J. Pro Tem., concur.