[No. 34278. Department One. February 6, 1958.]

JOSEPH SCHNEIDER *et al., Respondents,* v. MIDWEST COAST
TRANSPORT, INC. *et al., Appellants.*[1]

*Gavin, Robinson & Kendrick, Milton Warner,* and *Robert R. Redman,* for appellants.

*Felthous & Brachtenbach* and *Kennett, McCutcheon & Soderland,* for respondents.

FINLEY, J.—This is an action for damages arising out of a collision between a car and a transport truck-trailer unit.

On December 12, 1954, plaintiffs were proceeding east in their car on U. S. Highway 10, approaching the last long grade to the summit of Snoqualmie Pass. Mr. Schneider was driving; his wife was sitting in the front seat. There was a mixture of snow, slush, and ice on the highway. As they were crossing the Denny creek bridge in their proper driving lane, the left-front portion of their car was struck by the left-front portion of a westbound transport truck-trailer unit driven by defendant Robert E. Sorenson on behalf of defendant Midwest Coast Transport, Inc.

[1]Reported in 321 P. (2d) 260.

The Denny creek bridge is a concrete structure, twenty feet wide, with sides four feet high. It provides only two lanes for traffic. Estimates of the speed of the Schneider vehicle immediately prior to the accident range from eight to twenty miles per hour. Sorenson admitted to a speed of twenty-eight miles per hour immediately prior to the accident, and one witness placed his speed as high as thirty-five miles per hour.

Two snow plows were in the vicinity of the east side of the bridge, immediately prior to the accident. There is a conflict in the testimony as to whether both snow plows were actually on the highway. It is sufficient to state that at least one snow plow occupied the westbound traffic lane on the bridge, immediately prior to the accident.

The bridge is two hundred eight feet long. East of it, there is a straight stretch of highway for a distance of eighty-seven feet; thereafter, the highway curves northward.

The snow plow entered the highway fifty feet from the east end of the bridge and proceeded slowly (speed estimated at five miles per hour) in the westbound lane. Mr. Schneider saw the snow plow and was concerned as to whether he could get by the snow plow on the bridge. He did not see Sorenson's vehicle until it was about twenty-five feet away. The point of impact of the two vehicles was at a distance between thirty and fifty feet from the east end of the bridge.

The trial judge withdrew from the jury's consideration the issue of plaintiffs' contributory negligence. The jury returned a verdict in the sum of $40,000 for plaintiff-husband's injuries, $30,000 for plaintiff-wife's injuries, and $642.50 for damage to their automobile. The defendants have appealed.

The main contention of appellants is that the trial court erred in withdrawing the issue of contributory negligence from the jury.

Both Mr. Sorenson and Mrs. Schneider testified that his truck-trailer unit entered the east end of the bridge, neck

and neck with the snow plow. He contends that, at that time, the Schneider car was about two hundred feet away—or was just entering the bridge at the west end. However, his contention is contrary to the physical facts. He admitted that his speed was twenty-eight miles per hour. No witness placed respondents' speed at more than twenty miles per hour. The point of impact was between thirty and fifty feet from the east end of the bridge. It is impossible for a car traveling twenty miles per hour to move from one hundred fifty to one hundred eighty feet during the time a truck traveling at twenty-eight miles per hour moves only thirty to fifty feet. From the evidence in the record with respect to the physical facts, the Schneider car must have been at least halfway across the bridge when the truck-trailer unit entered the bridge in the wrong lane. The road was slick from the winter weather.

■■ Contributory negligence is an affirmative defense. The appellants had the burden of proof, and they failed to meet it. The evidence in the record would not substantiate a jury verdict of contributory negligence. A conclusion by the jury that negligence on the part of the Schneiders was a proximate cause of the collision could have been based only upon speculation and conjecture. The trial judge was correct in withdrawing the issue of contributory negligence from the jury. *Jackson v. Seattle* (1942), 15 Wn. (2d) 505, 131 P. (2d) 172.

Appellants assign error to several instructions. Examining the instructions as a whole, we find no prejudicial error.

Appellants contend that the damages are so excessive as to indicate passion and prejudice on the part of the jury. There is evidence in the record to support the determination of the jury as to damages.

The judgment of the trial court is affirmed.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.