[No. 38361. Department One. December 22, 1966.]

WALTER E. SWARTLEY, *Respondent*, v. SEATTLE SCHOOL DISTRICT No. 1, *Appellant*.*

*Charles O. Carroll, James E. Kennedy,* and *J. Stephen Funk,* for appellant.

*Evans, McLaren, Lane, Powell & Moss, William J. Walsh, Jr.,* and *Richard F. Allen,* for respondent.

*Reported in 421 P.2d 1009.

LANGENBACH, J.†—This is an action for the wrongful death of a minor school child. The appeal is upon the sole issue of liability.

On December 12, 1962, the boy, aged 12 years and 5 months, and a seventh grader, was working on a project in the manual training class in a junior high school in Seattle. Adjacent to the manual training room was a storeroom in which wood materials for student projects were kept. In it 20 to 24 sheets of plywood were stacked vertically—leaning against a wall for support. They were leaning at an angle estimated from 1½ to 7½ degrees out of plumb toward the wall. These sheets were 4 by 8 feet in size and from ¼ to ¾ of an inch in thickness and varied from 40 to 60 pounds in weight.

At the beginning of the fall school term, the manual training class had been instructed about a rule pertaining to this wood storage room. No student was to enter the room alone or without the teacher's permission. Appellant contended this was a safety rule. The respondent, however, asserted this rule was merely so the teacher might prevent an improper depletion of the wood supply.

On the day in question, the boy informed the teacher about his project and paid $1 for materials. He did not ask for any lumber. The teacher had unlocked the woodroom doors that morning. But, without any express permission and without notice to anyone, the boy went into this storage room. For what purpose is not known. A short time later he was discovered therein pinned between a pile of approximately 12 sheets of plywood and the storage racks. One board was pressed down across his throat, causing strangulation. In some manner, these boards had been pulled over or had fallen over, pinning him in that position. He was dead upon removal from the storeroom.

There was testimony that two other boys who also knew of these restrictions had gone into the woodroom without permission to get scraps of lumber. The appellant's director

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4 § 2(a) (amendment 38), state constitution.

of industrial arts testified that racks for vertical storage of plywood sheets were in use in the other junior high schools, but lack of proper space prevented their installation in this school. The method of storage used there had been considered safe under the immediate supervision of the manual training teacher.

There were eight assignments of error: The trial court erred (1) in failing to grant appellant's motion for a directed verdict; (2) in overruling its objection concerning the manner of storage of plywood at other schools; (3) in overruling its objection to a question ruled as eliciting an expert's opinion; (4) in giving instruction No. 10A; (5) in giving instruction No. 13; (6) in refusing to give its instruction No. 3; (7) in refusing to grant a motion for a new trial; and (8) in refusing to grant a motion for judgment notwithstanding the verdict.

Assignments of error 1, 6, 7 and 8 were argued together. Appellant earnestly contended that the boy was guilty of contributory negligence as a matter of law and appellant had acted according to its standard of care. Consequently, it was asserted the motion for a directed verdict or for judgment notwithstanding the verdict should have been granted. Appellant relied on the facts that the boy was the only actor present when the accident occurred; he was in the woodroom in violation of a safety rule without permission, or knowledge of anyone, and there was no proof that any similar accident had ever happened before.

 The case of *Briscoe v. School Dist. No. 123,* 32 Wn.2d 353, 362, 201 P.2d 697 (1949), laid down the following rules:

> [W]hen a pupil attends a public school, he or she is subject to the rules and discipline of the school, and the protective custody of the teachers is substituted for that of the parent.
>
> . . . .
>
> The extent of the duty thus imposed upon the respondent school district, in relation to its supervision of the pupils within its custody, is that it is required to exercise such care as an ordinarily reasonable and prudent person would exercise under the same or similar circumstances.

School facilities are provided for the use of large numbers of children. It is the duty of the school district to use reasonable care in order that the school premises and facilities be safe for the use of these children. [Citing cases.] *Kidwell v. School Dist. No. 300*, 53 Wn.2d 672, 674, 335 P.2d 805 (1959).

The teacher in charge of the boy at the time of this tragedy testified that, under the conditions and circumstances present when the children were admonished not to enter the storeroom alone or without the teacher's permission and presence, the storeroom placement of the plywood was considered safe. The overall supervisor of industrial arts, however, testified that where such a storeroom was accessible to junior high school students, such conditions were not safe. There was evidence that the other junior high schools used racks on which plywood was stored in a vertical position.

As to the deceased being in the storeroom in violation of the rule prohibiting the students' access to such a room without the teacher's permission, the testimony supported either that this was a safety rule or a rule to prevent the improper depletion of the wood supply. The rule is found in a standard book for teachers, but in a section other than the safety rule section.

In the light of all the facts and circumstances, whether this was a safe manner of storage of plywood and whether the deceased was guilty of contributory negligence, became questions of fact for the jury. Thus, the court could not rule on it as a matter of law. *Wold v. Jones,* 60 Wn.2d 327, 373 P.2d 805 (1962). These assignments of error lack merit.

Appellant urged error in the trial court's failure to give its proposed instruction No. 3:

A knowing violation of a safety rule by a student in a manual training class is negligence. Violation of the rule is not negligence if the teacher acquiesces in a habitual violation of the rule, but he need only enforce the rule reasonably.

The court, however, gave instruction No. 15B, as follows:

A knowing violation of a safety rule by a student in a manual training class may in itself be negligence, and a

teacher of such student is only required to use due and reasonable care and diligence, under all of the facts and circumstances, in the supervision and enforcement of such a safety rule.

A critical comparison of the given and refused instructions will reveal no essential difference in the content and effect of such instructions. The appellant's contention is adequately answered in the given instruction.

■ Assignment of error No. 2 concerned the trial court's overruling of appellant's objection to testimony as to the method of storing plywood at the 14 other junior high schools in the district. "Although, where negligence is in issue, the usual conduct or general custom of others under similar circumstances is relevant and admissible, such custom may not be established by evidence of conduct of single persons or businesses." *Miller v. Staton,* 58 Wn. 2d 879, 885, 365 P.2d 333 (1961). There was no error in this regard.

Assignment of error No. 3 concerned the trial court's overruling of appellant's objection to a question ruled as eliciting an expert's opinion. The question pertained to the manner of storage of plywood at the school in question. After considerable discussion and argumentation, the court ruled that this was not a hypothetical question, but rather called for the opinion of an expert. The district's director of industrial arts testified concerning the manufacture and installation of metal racks for vertical storage of plywood. He was then asked if, in his opinion, the storage of plywood sheets in stacks leaning against a wall was a safe manner of storage in an area accessible to junior high school students. He answered no. He had seen and inspected the premises where the accident had occurred.

■ Appellant contended that this was improper as either a hypothetical question or an expert opinion. We do not agree. In regard to expert opinion testimony, in *Gerberg v. Crosby,* 52 Wn.2d 792, 795, 329 P.2d 184 (1958), it was said:

" . . . If the issue involves a matter of common knowledge about which inexperienced persons are capa-

ble of forming a correct judgment, there is no need for expert opinion. There are many matters, however, about which the triers of fact may have a general knowledge, but the testimony of experts would still aid in their understanding of the issues. . . ." . . . .

This court has long recognized that a *qualified expert* is competent to express an opinion on a *proper subject* even though he thereby expresses an opinion on the ultimate fact to be found by the trier of fact.

"[I]n those instances in which the reasons for admissibility or exclusion of opinion evidence are both fairly debatable, the trial court has a very wide discretion which will not be reversed on appeal. [Citing cases.]" *Hill v. C. & E. Constr. Co.*, 59 Wn.2d 743, 746, 370 P.2d 255 (1962).

Assignment of error No. 4 was that the court erred in giving instruction No. 10A:

You are instructed that the fact Mr. Swartley [deceased's father] gave written consent for Russell Swartley [the deceased] to use shop machines, as indicated by defendant's exhibit No. 9, did not relieve the school district of, or alter its duty of care toward Russell Swartley as that duty has been defined for you in these instructions.

Appellant argued that, by this instruction, the court prevented the jury from considering exhibit No. 9 in determining the negligence of the deceased or his father. Thereby it was a wrongful comment on the evidence. We do not agree.

Other instructions covered contributory negligence. The court simply instructed the jury that exhibit No. 9 did not relieve the school district of its legal duty of care. The court did not say that this was evidence of the deceased's reasonable conduct in entering the storeroom. This was not error.

Assignment of error No. 5 was that the court erred in giving instruction No. 13:

In the supervision of the pupils within its custody, the defendant school district must exercise such care as an ordinary, reasonable and prudent person would under the same circumstances. This duty of supervision, among

other things, requires the defendant to exercise that degree of care to prevent its pupils from engaging in a dangerous course of action.

Appellant asserted that this instruction precluded it from arguing that the negligence of the deceased was an independent intervening act. It contended, further, that this instruction was inconsistent with instruction No. 5. This latter instruction merely defined, among other things, proximate cause, burden of proof, negligence and contributory negligence.

The instruction given was a correct statement of the law. It appeared to be based upon *Briscoe v. School Dist. No. 123, supra,* p. 362, " . . . a duty is imposed by law on the school district to take certain precautions to protect the pupils in its custody from dangers reasonably to be anticipated . . . ." That such an accident, as in the case at bar, might be a "danger reasonably to be anticipated" is demonstrated by the facts that the door to the woodroom was ordinarily kept locked, the teacher had the only key and no one was to enter alone or without the teacher's permission.

The negligence of appellant and the contributory negligence of the deceased were the primary questions for the jury; they were questions of fact. Their final resolution by the verdict of the jury placed them beyond the province of this court to determine otherwise.

The case of *Kowalski v. Swanson,* 178 Wash. 231, 232, 34 P.2d 454 (1934), stated the rule:

We have consistently held that, where there is substantial testimony to sustain a verdict and a motion for a new trial has been overruled by the trial court, we will not disturb the verdict unless it appears that the trial court's refusal to grant a new trial was an abuse of discretion. [Citing cases.] Where there is evidence, or reasonable inference from evidence, to sustain the verdict, there is no error in the refusal to grant a new trial. [Citing case.]

There was substantial evidence, or reasonable inference

from evidence, to support the verdict of the jury. Consequently, it must be sustained.

The judgment is affirmed.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.