[No. 39350.     Department One.     March 14, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY G. ALDEN, *Appellant.**

*Reported in 438 P.2d 620.

*Wright, Wendells, Froelich & Power* and *Alan Froelich,* for appellant.

*Richard L. Pitt,* for respondent.

ROSELLINI, J.—The appellant was tried and found guilty on a charge of second degree arson. He was represented by court-appointed counsel. After his conviction, he hired counsel to represent him on appeal.

■ It is first urged that the court erred in permitting experts to testify that in their opinion, the defendant started the fire. It is suggested that this testimony was inadmissible because it concerned an ultimate issue to be decided by the jury. In addition to the fact that no objection was taken to the admission of this testimony, there is no authority cited in support of the contention that the testimony was inadmissible. This is not surprising, inasmuch as a number of years ago this court followed the suggestion of Professor Wigmore (*see* 7 Wigmore on Evidence § 1920 (3d. ed. 1940)) and others that the rule excluding the opinion of a witness, on the mere ground that it concerns an "ultimate" issue, be discarded. In what is described in the 1964 pocket part to that volume, at page 8, as a "lucid opinion by Finley, J.," this court repudiated the theory and held that, if the opinion of a qualified expert will aid the jury in reaching its verdict and will not mislead it to the prejudice of the objecting party, it is proper evidence even though it may be an opinion on the "ultimate" issue. *Gerberg v. Crosby,* 52 Wn.2d 792, 329 P.2d 184 (1958). That case has been cited frequently and most recently in *Swartley v. Seattle School Dist. No. 1,* 70 Wn.2d 17, 421 P.2d 1009 (1966). The appellant admits the competency of the witnesses and makes no contention that the testimony was misleading or irrelevant. It may have been superfluous, in that the jury could well have drawn the same inferences from the facts testified to by these experts, but that hardly renders it prejudicial.

The second contention of the appellant is that another witness, the local fire chief, was allowed to testify to a matter on which he was not qualified to speak, namely, the length of time the fire had been burning when the fire department arrived. The appellant recognizes that the qualifications of a witness are a matter for the trial court to pass upon and does not point out in what manner the witness was lacking in qualifications. We cannot say, on the strength of a bare allegation in the brief, that the trial court abused its discretion in allowing the testimony.

It is next urged that, by permitting testimony that the appellant misrepresented himself to an insurance agent as a medical doctor and misrepresented facts about his career and other matters, the trial court allowed the prosecution to put the character of the appellant in issue, even though he did not take the stand. As the respondent points out, an intent to defraud was an element of the crime charged and the evidence which was admitted was relevant in establishing both motive and this intent. Also, as the appellant concedes, there was no objection made when the questions which elicited these answers were propounded and, consequently, the trial court was not given an opportunity to avoid the error, if indeed it was error.

The appellant urges, however, that he is entitled to have the alleged errors reviewed in spite of the failure to object. He cites cases wherein this court has held that a new trial will be granted even though no objection was made, if the evidence was admitted under circumstances which were such that an objection would not have been effective. (*State v. Suleski*, 67 Wn.2d 45, 406 P.2d 613 (1965)) or where the prosecuting attorney engaged in misconduct having such a prejudicial effect that an instruction to disregard it would not have been effective. *State v. Case*, 49 Wn.2d 66, 298 P.2d 500 (1956); *State v. Reeder*, 46 Wn.2d 888, 285 P.2d 884 (1955). In those cases, the complaining party did not have an opportunity to object before the damage was done. In the case before us, however, an objection when the offending question was put to the wit-

ness would have given the court an opportunity to rule before the allegedly damaging evidence was admitted. Therefore, the errors complained of were not of the type which could not have been avoided had the proper action been taken. Under these circumstances, the admission of the testimony cannot constitute reversible error.

Error is also alleged in admitting statements by witnesses (some of them voluntary) concerning the improbability that the appellant had escaped from the fire in the manner which he described. He contends that these opinions or inferences drawn by the witnesses were improper because they did not aid the jury in determining the facts, since the jury was equipped to draw the same inferences. He does not, however, contend that the statements were misleading (*see Hill v. C. & E. Constr. Co.*, 59 Wn.2d 743, 370 P.2d 255 (1962)) and he concedes that no objection was made when the testimony was given and the court was not asked to instruct the jury to disregard the volunteered statements. Consequently, not only were the errors, if any, waived but there is no showing that they were prejudicial.

■ Error is assigned to the court's action in striking a statement, volunteered by the wife of the defendant, that she and her husband did not intend to defraud the insurance company. No authority is cited in support of the appellant's contention that the statement was admissible. Where no authority is cited in support of a proposition, the court is not required to search for authority and will not give consideration to such errors unless it is apparent on the face of the assignments that they have merit. *Bremerton v. Kitsap Cy. Sewer Dist.*, 71 Wn.2d 689, 430 P.2d 956 (1967). Such is not the case here.

The final contention of the appellant is that the record read as a whole reveals that he did not have a fair trial. We have examined the record carefully and find this contention unsupported by it. The record reveals that the appellant was vigorously defended; that there was no attempt on the part of the prosecutor to inflame or prejudice the jury or to introduce evidence which he knew to be irrelevant; that the trial court gave proper consideration to the objections

of counsel; and that there was substantial evidence to sustain the verdict. The latter point is conceded by the appellant.

The judgment is affirmed.

FINLEY, C. J., WEAVER, HALE, and McGOVERN, JJ., concur.

May 31, 1968. Petition for rehearing denied.

*Reported in 438 P.2d 600.