[No. 38917.    En Banc.    November 21, 1968.]

SAM VALENTE *et al., Appellants,* v. THOMAS BAILEY *et al.,
Respondents.**

*James E. McIver* (of *Walthew, Warner & Keefe*), for
appellants.

*Horswill, Keller, Rohrback, Waldo & Moren* and *Pinck-
ney M. Rohrback,* for respondents.

FINLEY, C. J.—This case concerns an action for personal
injuries and property damage arising out of a collision be-
tween plaintiffs' automobile and defendants' Jeep. The
principal question raised is whether there was sufficient
evidence of contributory negligence on the part of plain-
tiff-driver to warrant submission of this issue to the jury.

The collision in question occurred on Renton Avenue, a
2-lane street in a residential area of Seattle, Washington.

*Reported in 447 P.2d 589.

Defendant Thomas Bailey was driving his father's Jeep south on Renton Avenue with a friend, William Erickson. The two were looking for a red-colored pickup truck which was supposed to be parked alongside one of the homes on the street. The truck was owned by an individual the young men believed would give them advice on repair of an automobile.

The plaintiffs in their automobile were following behind the defendant as he proceeded slowly down the street looking for the red truck. The evidence indicates that defendant and his friend finally located the truck. This was after they had passed it, however, since it was partially obscured by a hedge. Defendant decided to turn left into a driveway to turn around and go back. As he was making his turn, plaintiffs decided to pass him. A collision resulted.

In the ensuing action brought by plaintiffs, the trial court instructed the jury that defendant-driver was negligent as a matter of law. The sole issue of liability submitted by the court concerned plaintiffs' contributory negligence. The jury returned a verdict for defendants and plaintiffs appeal.

Two matters with respect to plaintiffs' appeal may be quickly settled. First, two of plaintiffs' three assignments of error are plainly without merit and thus need only brief discussion. Error is assigned to failure of the trial court to direct a verdict for plaintiffs, but since plaintiffs made no motion for a directed verdict there is no basis for a claim of error. Error is also assigned to the trial court's denial of plaintiffs' motion for a new trial and its entry of judgment on the jury's verdict, but this point is not argued in plaintiffs' brief and will not be considered by this court on appeal. *State v. Schaffer,* 70 Wn.2d 124, 422 P.2d 285 (1966).

Second, plaintiffs argue in their brief that it was error for the trial court to refuse to allow plaintiff-driver to answer his attorney's question with respect to whether he had ever been convicted of a crime. This error is not set forth in the "assignments of error" in plaintiffs' brief and will not be considered on appeal. ROA 43.

The principal question before us, raised in plaintiffs' one remaining assignment of error, is whether there was sufficient evidence of plaintiffs' contributory negligence to submit this issue to the jury.

■ We have serious doubts whether plaintiffs succeeded in preserving even this one question on appeal. Plaintiffs took no exception to any of the contributory negligence instructions given by the trial court nor assigned error to any of them. When instructions are given without exception by either party they become the law of the case, unless failure to consider them would constitute a grave miscarriage of justice. *State v. Silvers,* 70 Wn.2d 430, 423 P.2d 539 (1967). Furthermore, although plaintiffs excepted to the failure of the trial court to give their proposed instruction which in effect directed the issue of liability against defendants, no error was assigned to such failure as required by ROA 43 and the proposed instruction was not set forth in plaintiffs' brief as required by ROA 42(g)(l)(iii).

■ Even assuming, however, that plaintiffs' remaining assignment of error is not fatally defective from a procedural standpoint, it still will not withstand substantive scrutiny. Plaintiffs are, in essence, asking this court to overrule the jury's verdict. As we have said on so many occasions, this is something we do only rarely, and then only when it is clear that there is no substantial evidence upon which the jury could have rested its verdict. *See, e.g., Swartley v. Seattle School Dist. No. 1,* 70 Wn.2d 17, 421 P.2d 1009 (1966); *State v. Mickens,* 61 Wn.2d 83, 377 P.2d 240 (1962). Such is not the case here.

Defendant testified that he extended his arm out the window of the Jeep, signaling a left turn, while he was passing "at least a couple or three houses" at a very slow rate of speed. If accepted as true by the jury, this strongly suggests that plaintiffs should have been put on notice that defendant was going to turn left, and that it was negligence to pass him under the circumstances. *See Tobias v. Rainwa-*

*ter,* 71 Wn.2d 845, 431 P.2d 156 (1967).[1] In addition, plaintiff-driver testified that defendant, prior to the accident, varied his speed frequently and, along with his passenger, looked left and right as if trying to locate something. The Seattle Traffic Code, Seattle Ordinances § 21.40.160, requires drivers to sound their horns "when reasonably necessary to insure safe operation" of their vehicles. The circumstances of the case strongly suggest that plaintiff should have sounded his horn before attempting to pass defendant, and that failure to do so constituted negligence.

As can be seen from the foregoing paragraph, the evidence presented at trial suggested at least two substantial bases upon which the jury's conclusion that plaintiffs were contributorily negligent could have rested. We certainly cannot reverse this conclusion as a matter of law.

The judgment of the trial court is affirmed.

HILL, HUNTER, HAMILTON, NEILL, and McGOVERN, JJ., concur.

HALE, J. (dissenting)—The trial judge, properly, I think, found the defendant Jeep driver negligent as a matter of law in making a sudden left turn in the middle of the block without adequate warning to vehicles following him. My views as to the plaintiffs' contributory negligence, however, differ in some degree from those of the majority. I think it appropriate, therefore, to express my view of the circumstances as I read the record.

Sam and Connie Valente were taking a Sunday afternoon drive in Seattle on January 26, 1964, when their journey was marred by an accident. Mr. Valente was at the wheel of their 1955 Chevrolet sedan and his wife Connie sat beside him in the front seat. As they were driving south on Renton Avenue in Seattle, a Jeep automobile they were

---

[1] There is considerable question whether defendant's arm signal, if in fact he made one, lasted during the time his Jeep traveled 100 feet, as required by Seattle Ordinances § 21.22.240. Even if it did not, however, this only relates to defendant's negligence. It says nothing about plaintiff-driver's contributory negligence.

passing made a left turn between intersections and struck the Valente Chevrolet.

In the resulting action brought by the Valentes, the trial court charged the jury as a matter of law that the Jeep driver had been negligent, but submitted to the jury the issue of contributory negligence. From a judgment entered on a defense verdict, the Valentes appeal, contending there was insufficient evidence of contributory negligence to make it an issue in the case.

Tom Bailey, the Jeep driver, had set out that early afternoon with his young friend, William Erickson, to locate the owner of a red pickup truck whom they believed would give them advice in repairing a car. The two young men were driving south on Renton Avenue between the Kenyon and Rose streets intersections when Tom, who was at the wheel, saw the red cab top of a pickup truck parked beside a hedge near one of the houses. Too late to stop, he went past the pickup and then turned his Jeep sharply to the left to cross the street and enter a private driveway. As the Jeep cut across the center line in a left turn, it hit the Valente car.

The hedge nearly concealed the pickup and Tom said all he could see of it was the top of its red cab. He testified that he gave a left-turn signal, holding his hand out for an interval long enough to go past two or three houses before making his turn across the center line. There was no intersection where he turned, but some private driveways gave out upon the street and Tom said he wanted to turn into one of them. He could not say for certain which one, however, as he was by then past the red pickup truck.

Mr. Valente, describing the accident in his testimony, said that as he drove south on Renton Avenue, a 2-lane street, he saw the Jeep ahead slow down and speed up a few times and noticed that its youthful occupants from time to time looked from side to side as if seeking a house address. When the Jeep slowed down, as though to stop or pull over to the right, Mr. Valente could see that the northbound or oncoming lane was free of traffic and obstructions

and elected to enter it and pass the Jeep. He did not sound his horn but there was no commotion, disturbance or traffic condition on or near the roadway to require it, and he saw nothing in the conduct of the Jeep or its occupants to indicate that it might make a sudden left turn. He did not see any left-turn hand signal from the Jeep driver although he kept a good lookout for conditions ahead and possible oncoming traffic. When the Jeep made impact, the Valente car had completed its course into the passing or oncoming lane and was approximately 3 feet east of the Renton Avenue center line.

I think that the learned trial judge correctly found the Jeep driver guilty of negligence as a matter of law, but cannot find adequate evidence to support an affirmative finding of contributory negligence. Among other things, Bailey, the Jeep driver, violated the Traffic Code of Seattle § 21.22.160:

> It shall be unlawful to make a left turn between intersections on any street when such left turn delays or is likely to delay or stop any vehicle traveling in the same or the opposite direction on the street, or when such left turn endangers or is likely to endanger any person or vehicle on the street.

and § 21.22.240:

> A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning or during a period of time not less than that time required to traverse a distance in feet equal to five times the maximum speed in miles per hour allowed by law during the approach to the point of turning or stopping.

Plaintiffs were thus protected by law from sudden left turns executed by vehicles ahead.

The speed limit at the place of accident was 30 miles per hour, and the evidence clearly establishes that neither Valente nor Bailey exceeded it. Even under Bailey's version of the event, it is clear that he did not give adequate warning of intention to make a left turn at a private driveway, and the trial court properly found him negligent as a matter of law. Plaintiff Sam Valente, of course, had a right to assume

that others using the public streets would obey the traffic ordinances and to proceed on that assumption until he knew or in the exercise of reasonable care should have known otherwise.

This brings us to the point of considering whether the record shows sufficient evidence to impose on plaintiff driver a duty to sound his horn and a breach of that duty, and whether the failure to sound the horn constituted a contributing or a proximate cause so as to supply substantial evidence of contributory negligence.

The sounding of the horn on an overtaking and passing vehicle in Seattle no longer is a fixed and undeviating requirement, but is an obligation only *when reasonably necessary for safe operation under the circumstances.* Seattle Traffic Code § 21.40.160 provides:

Every motor vehicle when operated upon a street shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than two hundred feet, but no horn or other warning device shall emit an unreasonable loud or harsh sound or a whistle. *The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a street.* (Italics mine.)

Was there substantial evidence in the record upon which to enable the jury to find first a duty upon plaintiff driver to sound his horn and a breach of that duty which could be said to be a proximate cause of the accident? I think not.

Mr. Valente had a clear view ahead; the weather was overcast but dry. He saw no oncoming traffic, obstructions, commotion or disturbances of any kind on either side of the street; the cars were between street intersections when he elected to pass the Jeep and there was nothing in the behavior of the Jeep or its occupants to indicate that it was out of control or would take any course other than slow to a stop or pull off to the right side of the street and stop. Thus, when Valente turned his car into the left or oncoming lane, there were no circumstances proved in the record

to charge him with a duty to sound his horn, for there were no circumstances or conditions shown which would prompt a reasonably prudent driver to anticipate a sudden left turn in the middle of the block into the passing lane. Defendant's vague testimony that he had his hand out while passing two or three houses, in my opinion, would be no more than a scintilla of evidence of circumstances upon which to charge plaintiff Sam Valente with a duty to sound his horn. I thus find no evidence supporting the issue of contributory negligence.

It is a general rule, consistently followed by this court, that it is prejudicial error to submit to the jury issues of fact which are not supported by substantial evidence. *Rutherford v. Deur*, 46 Wn.2d 435, 282 P.2d 281 (1955); *Leavitt v. De Young*, 43 Wn.2d 701, 263 P.2d 592 (1953); *Rathke v. Roberts*, 33 Wn.2d 858, 207 P.2d 716 (1949). The issue of contributory negligence, being an issue of fact and an affirmative defense which must be established by a preponderance of the evidence, comes within this general rule. There must be more than a scintilla of evidence to support it, or the issue should not be submitted to the jury. Expressed otherwise, unless there be substantial evidence of contributory negligence in the record, it is not an issue in the case and should not be submitted to or considered by the jury. *Hughey v. Winthrop Motor Co.*, 61 Wn.2d 227, 377 P.2d 640 (1963); *Schneider v. Midwest Coast Transp., Inc.*, 51 Wn.2d 673, 321 P.2d 260 (1958).

Usually the question of whether a driver should have sounded his horn is one for the jury (*Mitchell v. Rogers*, 37 Wn.2d 630, 225 P.2d 1074 (1950); *McCandless v. Inland N.W. Film Serv., Inc.*, 64 Wn.2d 523, 392 P.2d 613 (1964)); but, as in those cases, there must be substantial evidence of circumstances and conditions which would require a person of reasonable care and prudence to give an audible warning or signal.

In the instant case, the record, as I read it, discloses no more than a scintilla of proof of any circumstances or conditions from which plaintiff Sam Valente would be charged with the duty to sound his horn. The jury had to speculate

and guess that maybe the accident would not have happened had Mr. Valente sounded his horn, but its conclusions on that fact would have been just that—guesswork and speculation.

There being insufficient evidence of contributory negligence in this record to provide an issue of fact for the jury, I would reverse with directions to grant a new trial limited to the issue of damages.

WEAVER and ROSELLINI, JJ., concur with HALE, J.