# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MOHAMED ABDELKADIR, | ) | DIVISION ONE |
| | ) | |
| Appellant, | ) | |
| | ) | No. 73920-4-I |
| v. | ) | (consol. with No. 74031-8-I) |
| | ) | |
| SHORELINE SCHOOL DISTRICT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |
| | ) | FILED: July 25, 2016 |

DWYER, J. —Pursuant to the Administrative Procedure Act, chapter 34.05 RCW, a party seeking judicial review of a decision made by an Administrative Law Judge (ALJ) must comply with the service of process requirements set forth in RCW 34.05.542. If such compliance is not shown, the case is not properly before the superior court and must be dismissed. In this case, Mohamed Abdelkadir filed an administrative appeal in the superior court. However, he did not comply with the service of process requirements set forth in the applicable statute. Accordingly, we affirm the superior court's dismissal of his administrative appeal.

I

In this consolidated case, Abdelkadir brings two appeals to us stemming from his dispute with the Shoreline School District (the District).

Abdelkadir filed an appeal with the Office of Superintendent of Public

Instruction (OSPI) pursuant to former WAC 392-190-075 (2011).[1] The administrative appeal was continued for more than one year due to Abdelkadir's delay. After Abdelkadir did not appear at a prehearing conference, the ALJ issued a default order, dismissing the case without prejudice. Thereafter, Abdelkadir appealed the ALJ's decision to the King County Superior Court pursuant to the Administrative Procedure Act. The superior court dismissed Abdelkadir's administrative appeal with prejudice. The first appeal is from this order.

The second appeal is from the superior court's imposition of CR 11 sanctions on Abdelkadir. His subsequent motion to reconsider the sanctions ordered was denied.

II

Abdelkadir first contends that the superior court improperly dismissed his administrative appeal. This is so, he asserts, both because he properly perfected service and because such service was timely. He is wrong.

The relevant statute provides:

Subject to other requirements of this chapter or of another statute:

(1) A petition for judicial review of a rule may be filed at any time, except as limited by RCW 34.05.375.

(2) *A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order.*

---

[1] The OSPI's procedure for addressing such appeals is governed by various provisions of the Administrative Procedure Act, chapter 34.05 RCW. See former WAC 392-190-075(1) (2011); former WAC 392-190-079 (2011).

(3) A petition for judicial review of agency action other than the adoption of a rule or the entry of an order is not timely unless filed with the court and served on the agency, the office of the attorney general, and all other parties of record within thirty days after the agency action, but the time is extended during any period that the petitioner did not know and was under no duty to discover or could not reasonably have discovered that the agency had taken the action or that the agency action had a sufficient effect to confer standing upon the petitioner to obtain judicial review under this chapter.

(4) *Service of the petition on the agency shall be by delivery of a copy of the petition to the office of the director, or other chief administrative officer or chairperson of the agency, at the principal office of the agency.* Service of a copy by mail upon the other parties of record and the office of the attorney general shall be deemed complete upon deposit in the United States mail, as evidenced by the postmark.

(5) Failure to timely serve a petition on the office of the attorney general is not grounds for dismissal of the petition.

(6) For purposes of this section, service upon the attorney of record of any agency or party of record constitutes service upon the agency or party of record.

RCW 34.05.542 (emphasis added).

The superior court's dismissal of Abdelkadir's administrative appeal was proper both because he failed to properly perfect service and because such service was not perfected in a timely manner.

The relevant statute required Abdelkadir to file *and* personally serve, "by delivery," the statutorily-designated agent of the organization.[2] RCW

---

[2] In his brief, Abdelkadir asserts both that "[t]he [Administrative Procedure Act] does not require personal service pursuant to RCW 34.04.542(4)" and that he was not required to serve OSPI because "OSPI was not identified as a party to the hearing." Br. of Appellant at 9. He is wrong.

34.05.010(19); see, e.g., Diehl v. W. Wash. Growth Mgmt. Hearings Bd., 153 Wn.2d 207, 217, 103 P.3d 193 (2004) (finding that the appellant "was required to file and serve his petition on the agency at its principal office"); Sprint Spectrum, LP v. Dep't of Revenue, 156 Wn. App. 949, 963, 235 P.3d 849 (2010) (dismissal proper where statutorily-designated agent not personally served). Additionally, Abdelkadir was required to serve, by mail, if he chose, both the office of the attorney general and "the other parties of record." RCW 34.05.542(4). In fact, Abdelkadir sent the petition for review by certified mail to OSPI's Equity and Civil Rights Office, the District's superintendent, and the superior court clerk. None of those to whom the mailing was addressed were the statutorily-designated agent of OSPI. Moreover, the service on OSPI was performed by mail, not by personal delivery as mandated by statute. Finally, none of those to whom the mailing was addressed was the office of the attorney general, despite the statute's mandate.

The relevant statute also required Abdelkadir to complete service within 30 days after service of the final order being appealed. In this case, that date was December 1, 2014.[3] See RCW 34.05.542(2). Abdelkadir asserts that the petition could have been served on OSPI through December 7, 2014.[4] In response, the District correctly states that Abdelkadir did not assign error to the

---

The relevant statute clearly differentiates between service on the agency "by delivery" and service "by mail" upon the office of the attorney general and all other parties of record. RCW 34.04.542(4). Where, as here, the legislature dictates that service to the agency be "by delivery . . . at the principal office of the agency," the method of delivery must be by personal service.

Moreover, because OSPI's decision regarding his complaint with the District was the decision appealed to the superior court, service on OSPI was required.

[3] The ALJ's final order was entered on October 31, 2014. Thus, the superior court found that Abdelkadir had 30 days from this date—that is, until December 1, 2014—to perfect service of the petition.

[4] The superior court found that OSPI received the petition on December 2, 2014.

superior court's finding of fact on this issue. As a result, the District urges us to consider this finding a verity on appeal. We do not need to do so. Whether we accept December 1 or December 7 as the applicable deadline, it is clear that Abdelkadir did not comply with the statutorily-mandated service requirements by either date.

For each of these reasons, the superior court's dismissal of the administrative appeal was proper. Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County, 135 Wn.2d 542, 556, 958 P.2d 962 (1998); Union Bay Pres. Coal. v. Cosmos Dev. & Admin. Corp., 127 Wn.2d 614, 620, 902 P.2d 1247 (1995); Tech. Emps. Ass'n v. Pub. Emp't Relations Comm'n, 105 Wn. App. 434, 438, 20 P.3d 472 (2001).

### III

Abdelkadir next contends that the superior court improperly imposed CR 11 sanctions on him. In response, the District urges us not to consider Abdelkadir's argument for three reasons. First, he did not assign error to the superior court's order wherein it imposed the sanctions. RAP 10.3(a)(4); Valente v. Bailey, 74 Wn.2d 857, 858, 447 P.2d 589 (1968); Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wn. App. 183, 190 n.4, 69 P.3d 895 (2003). Second, he fails to provide sufficient argument, citations to legal authority, or citations to the record to support his assertion. RAP 10.3(a)(6); Valente, 74 Wn.2d at 858; Escude, 117 Wn. App. at 190 n.4. Third, his passing treatment of the sanctions order is insufficient to warrant appellate review. West v. Thurston County, 168

Wn. App. 162, 187, 275 P.3d 1200 (2012).  Each of the District's contentions has merit.  Accordingly, we decline to address or disturb the court's CR 11 order.

IV

Finally, the District requests that we impose sanctions on Abdelkadir for filing a frivolous appeal.  See RAP 18.9(a).  "An appeal is considered frivolous when it presents no debatable issues and is so devoid of merit that there is no possibility of reversal."  Griffin v. Draper, 32 Wn. App. 611, 616, 649 P.2d 123 (1982); Escude, 117 Wn. App. at 194-95.  Here, there is no debatable issue regarding Abdelkadir's failure to effect proper service pursuant to RCW 34.05.542.  Nor does Abdelkadir present a debatable issue on the merits of the superior court's decision to impose CR 11 sanctions on him.  Accordingly, Abdelkadir's appeal is frivolous.  An award of attorney fees will be made in favor of the District.  Upon proper application, a commissioner of our court will determine the appropriate amount of the award.

Affirmed.

We concur: