IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JIM KEYES, individually, and as representative of a class of similarly situated persons, | ) ) ) ) | No. 40641-5-III |
| Appellant, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| MATTHEW BUCK and CAROLYN BUCK, individually and as representatives of their marital community, and as representatives of their corporate alter ego, Spokane Powersports; and SPOKANE POWERSPORTS, INC., | ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

MURPHY, J. — Jim Keyes appealed from multiple trial court orders arising out of his lawsuit against Matthew Buck, Carolyn Buck, and Spokane Powersports, Inc. (collectively "Spokane Powersports"), alleging that the court erred when it: (1) refused to compel discovery or sanctions opposing counsel for claimed discovery violations, (2) granted a partial summary judgment based, not upon law, but upon a personal opinions of Keyes, (3) retroactively struck a memorandum filed by Keyes opposing the partial summary judgment, (4) granted an ex parte summary judgment while being fully cognizant that Keyes had not received notice of the motion or hearing, (5) failed to recuse and appoint a new judge when the appearance of fairness doctrine was invoked, and

No. 40641-5-III
*Keyes v. Buck*

(6) refused to follow the accepted standards for summary judgment, imposed its own view of what the law should be, and based its ruling on its assessment of the credibility of Keyes and not the facts or the law.

Keyes first sought direct review by the Washington Supreme Court. The Supreme Court transferred, for review by this court, what it determined to be the only order appealable as a matter of right: the trial court's April 11, 2024,[1] order (1) denying Keyes's CR 59 motion to amend or vacate, and (2) clarifying the court's February 20, 2024, order granting summary judgment. Keyes asks this court to vacate all prior proceedings, inclusive of all orders issued by the trial court, and order the appointment of a new trial court judge to move forward with proper discovery, and award Keyes all costs and fees associated with this appeal. In his pro se briefing to this court, Keyes neither complies with the rules of appellate procedure nor does he present an arguable basis for reversal. We affirm the trial court and also grant Spokane Powersports' request for attorney fees and costs on appeal.

## FACTS

In November 2022, Jim Keyes initiated an action in Spokane County Superior Court against Spokane Powersports, Inc., and its owners, Mathew Buck and Carolyn

---

[1] The order was entered on April 11, 2024, but the original was not filed with the Spokane County Clerk until April 15. *See* Clerk's Papers at 659-60.

Buck. In Keyes's complaint, he detailed a transaction between himself and Spokane Powersports. Keyes described a conversation with an employee of Spokane Powersports, who quoted a price for the purchase and installation of new tires for his motorcycle. Keyes claimed that he provided his debit card information to Spokane Powersports and authorized the purchase of tires for $350.00. Shortly after this, Keyes noticed Spokane Powersports charged his card $505.74. Keyes reached out to Spokane Powersports to express the amount charged was incorrect, and, according to Keyes, was told that "'the price of tires has gone up'" with Keyes's subsequent request that the sale be canceled and the monies refunded being refused. Clerk's Papers (CP) at 5.

Keyes asserted the following causes of action in his complaint: (1) violation of Washington's Consumer Protection Act (CPA), chapter 19.86 RCW, (2) violation of the legal requirements within the Electronic Fund Transfer Act (EFTA), 15 U.S.C §§ 1693-1693r, (3) negligent inflection of emotional distress, (4) intentional infliction of emotional distress, and (5) injury upon all members of a putative class. In his prayer for relief, Keyes sought the amount of the full purchase price of the tires, $505.74, plus prejudgment interest, general damages for emotional distress in the amount of $5,000.00, trebling damages as punitive or exemplary damages, costs and expenses in bringing the action, as well as judgment for members of the putative class once certified.

3

Spokane Powersports denied it overcharged Keyes, claiming that Keyes consented to the full price for the special order. Spokane Powersports described that the tires Keyes ordered were not a common size, which necessitated contacting three suppliers to fulfill the request. Keyes was aware that the tires were uncommon and agreed to pay $505.74 upfront to complete the order. After obtaining his permission, Spokane Powersports ordered the tires and later called Keyes to confirm the appointment to have the tires installed. According to Spokane Powersports, at this point Keyes became "very verbally upset at the price of the tires and the [costs] of labor . . . and asked to speak with a manager. CP at76. Spokane Powersports put Keyes on hold to find a manager, and when Spokane Powersports returned, Keyes had already hung up. To date, the tires have not been picked up and remain at Spokane Powersports, ready to be picked up or installed.

Extensive litigation and motion practice followed with numerous orders issued by the trial court.

On March 17, 2023, Spokane Powersports moved for partial summary judgment on Keyes's claims of emotional distress (negligent and intentional), violation of the EFTA, and claims made on behalf of a putative class.

Among other motions before the court on June 2, 2023, the trial court heard and granted Spokane Powersports' motion for partial summary judgment. The trial court orally stated:

So in this circumstance, what is undisputed is Mr. Keyes heard through the grapevine that Spokane Powersports may be engaged in some practices. He then posed as a customer, he wasn't genuinely a customer, and tried to do a transaction with them, frankly, in the hope that they may engage themselves in actions that he could then file a lawsuit against. That was his intention from the onset of his communications with Spokane Powersports, not a typical consumer in this case, in fact an intentional one for the purposes of his primary motive. It's undisputed based on his own comments on the record that he was intending to self-investigate this business for the purposes of seeking out litigation.

He contacted Spokane Powersports, negotiated—actually strike that, didn't negotiate; inquired about the pricing of a tire; provided his credit card to Spokane Powersports. And essentially they quoted him an estimate; they then charged his credit card in excess of that estimate. But he did intentionally provide that credit card to [Spokane Powersports] hoping they would overcharge him.

Those are the undisputed facts that are before the court. And they're material to the decision of the court not to expand discovery, and also they're very material to the court's ruling today.

. . . .

I am granting partial summary judgment.

Rep. of Proc. (RP) (June 2, 2023) at 65, 69. The trial court entered the summary judgment order as presented by Spokane Powersports, and Keyes signed the order only as to his approval of its form and content.[2]

---

[2] At a subsequent hearing on February 16, 2024, the trial court stated, "Counsel, also I don't know exactly how this happened, but in our material—and this causes me some concern. . . . I have my signed order from June 2nd regarding the previous summary judgment. . . . This may have been intended for the file but got stuck in the bench file." RP (Feb. 16, 2024) at 95-96. The order granting partial summary judgment signed by the court on June 2, 2023, was filed on February 20, 2024.

On January 12, 2024, Spokane Powersports moved for summary judgment on Keyes's remaining claim of a violation of the CPA. Spokane Powersports argued that Keyes's CPA claim was legally deficient as Keyes could not establish all five elements of a viable CPA claim and, therefore, the claim could be dismissed as a matter of law. Contemporaneously, Spokane Powersports asked the court to order Keyes to show cause, pursuant to former Spokane County Superior Court Local Administrative Rule (LAR) 0.4.1(g)(2) (2023), why sanctions or terms should not be imposed as a result of Keyes's failure to comply with the court's case scheduling order. With trial scheduled to commence on March 25, 2024, Spokane Powersports noted that Keyes had failed to: (1) file any witness lists or respond to Spokane Powersports' correspondence to Keyes regarding the same, or (2) supplement responses to written discovery requests, substantially prejudicing Spokane Powersports' ability to prepare for trial. Keyes also did not submit proposed orders on his own motions, causing Spokane Powersports to incur additional fees and costs in preparing orders for those motions. "Taken together, Keyes has filed a frivolous lawsuit, caused Spokane Powersports to expend tremendous resources to defend it, and then, evidently, abandoned it." CP at 403.

Keyes did not respond to either the summary judgment motion or the request by Spokane Powersports for a show cause order. On February 6, Spokane Powersports filed

a reply memorandum arguing that Keyes's failure to respond should result in the court granting summary judgment and issuing an order to show cause.

A hearing was held on February 16, 2024, at which Keyes did not appear. After hearing argument on behalf of Spokane Powersports, the trial court found there were no genuine issues of material fact as to Keyes's CPA claim, which the court dismissed as a matter of law. The trial court also ordered, pursuant to former LAR 0.4.1(g), that Keyes appear March 15, 2024, to show cause why sanctions and/or terms should not be imposed on Keyes for his "repeated and ongoing failures to comply with the Court's Civil Case Schedule Order." CP at 449.

On February 21, 2024, Keyes filed a written response to the court's show cause order. On February 26, Keyes moved under CR 59 to amend or vacate all previous orders issued by the trial court, to and including the February 16 summary judgment dismissal of his CPA claim. On February 29, Keyes moved to disqualify and remove the trial court judge, claiming a "history of challenges to the judicial appearance of fairness." CP at 484. On March 4, Keyes filed a memorandum in opposition to Spokane Powersports' request for the imposition of sanctions and terms.

On March 15, 2024, after hearing from the parties, the trial court entered an order denying Keyes's motion to disqualify. The court also entered an order granting Spokane Powersports its attorney fees and costs pursuant to:

7

1. [Former] LAR 0.4.1(g), as [Keyes] effectively abandoned the litigation and [Spokane Powersports was] prejudiced in their preparation and litigation of this matter.
2. CR 11, as the action was not well grounded in fact or warranted by law. Further, the lawsuit as a whole was interposed for an improper purpose, as it intended to, and did, harass and [Keyes]'s actions and inactions caused unnecessary increase in the costs of litigation.
3. CR 68, as [Keyes] did not accept [Spokane Powersports'] Offer of Judgment and the disposition of the lawsuit (summary dismissal of all of [Keyes]'s claims) entitles [Spokane Powersports] to an award of costs (including attorney's fees).

CP at 577-78. The court ordered the fee and cost amount to be decided on April 26, 2024, without oral argument, with a briefing schedule outlined. The court eventually awarded Spokane Powersports $41,493.17 in attorney fees and costs.

On March 21, 2024, Keyes filed a notice of direct appeal to the Washington Supreme Court, seeking review of six separate superior court orders. A department of the court later determined that the notice of appeal was timely for only two orders, both filed on March 15, 2024: (1) the order denying Keyes's motion to disqualify the superior court judge, and (2) the order granting Spokane Powersports its fees and costs. The court also found that neither of these orders were appealable as a matter of right, so Keyes's notice of appeal was converted to a notice for discretionary review, and the clerk set a deadline for Keyes to file a motion for discretionary review. When Keyes failed to file the motion, the Supreme Court dismissed the appeal. A certificate of finality was issued mandating the case back to the superior court for further proceedings.

8

On April 11, 2024, the trial court entered an order (1) denying Keyes's CR 59 motion to amend or vacate, and (2) clarifying the court's February 20, 2024, order granting summary judgment to Spokane Powersports. On May 7, Keyes filed a notice of direct appeal of this order to the Washington Supreme Court. At the same time that the Supreme Court converted Keyes's March 21 notice of appeal to a notice for discretionary review, it bifurcated the May 7 notice of appeal from that case. A department of the Supreme Court later entered an order transferring the bifurcated appeal to this court for a determination on the merits.

The substantive portion of the superior court's April 11, 2024, order denying Keyes's CR 59 motion to amend or vacate and clarifying the court's February 20, 2024, order granting summary judgment follows:

> THIS MATTER came before the Court on [Keyes's] CR 59 Motion and Declaration for Amendment/Vacating of All Orders, filed February 26, 2024.
> The Court considered the pleadings filed in this action, as well as the following:
> 1. [Keyes's] CR 59 Motion and Declaration for Amendment/Vacating of All Orders;
> 2. [Keyes's] Memorandum in Support of CR 59 Motion to Vacate Judgment;
> 3. [Keyes's] Response to Show Cause Order RE: Terms/Sanctions for not Filing Scheduled Documents;
> 4. [Spokane Powersports'] Response to [Keyes's] CR 59 Motion;
> 5. Order Granting [Spokane Powersports'] Motion for Partial Summary Judgment;

      6.  Order for Summary Judgment and to Show Cause; and

      7.  Any and all other relevant filings.

    Based on the following, THE COURT HEREBY ORDERS [Keyes's] Motion to Vacate all Orders DENIED.

    The Court further clarifies its Order for Summary Judgment and Show Cause by amending it to remove scrivener's errors, which state that the Court considered "[Keyes's] submissions" and "argument of . . . [Keyes]." These errors were the result of adopting an order proposed by [Spokane Powersports] without properly altering it to reflect that [Keyes] failed to file a response or appear for oral argument despite having adequate notice of the Motion. That [Keyes] did not file a response nor appear for the hearing is confirmed by the hearing transcript.

CP at 659-60.

## ANALYSIS

Pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal. *See In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

RAP 10.3(a) requires an appellant's opening brief to include, among other things: (1) concise assignments of error together with issues relating to those alleged errors, (2) a fair statement of the facts and procedure related to the issues on review, devoid of argument, with references to the record for each factual statement, (3) argument in support of the issues on review, including citations to legal authority, references to the record, and preferably a statement of the standard of review for each issue on review, and (4) a brief conclusion stating the precise relief sought on appeal.

Keyes's opening brief fails to comply with RAP 10.3(a). "To enforce [RAP 10.3], this court does not review issues not argued, briefed, or supported with citation to authority." *Christian v. Tohmeh*, 191 Wn. App. 709, 728, 366 P.3d 16 (2015) (citing *Valente v. Bailey*, 74 Wn.2d 857, 858, 447 P.2d 589 (1968); *Avellaneda v. State*, 167 Wn. App. 474, 485 n.5, 273 P.3d 477 (2012)). "We do not entertain conclusory arguments that are unsupported by citation to authority." *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2013) (citing *Joy v. Dep't of Labor & Indus.*, 170 Wn. App. 614, 629, 285 P.3d 187 (2012)). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Id*. (citing *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)).

Here, Keyes's assignments of error do not relate to the order on review. For example, Keyes does not assign error to, or discuss, the trial court's denial of his CR 59 motion to amend or vacate, the summary judgment dismissal of his CPA claim, or the order from the show cause hearing. Keyes does not articulate a fair statement of the facts or procedure with reference made to the record for each factual statement. Keyes does not offer a standard of review for any alleged error. Keyes does not brief the requirements of a CR 59 motion, nor does he provide an argument in support of the issues presented for review with citation to legal authority and relevant parts of the record. Instead, Keyes's

opening brief engages in extraneous topics that do not offer debatable matters upon which review may occur. Keyes instead focuses on issues that are unrelated to the order before this court on appeal.

We review only claimed errors that are included in an assignment of error or are clearly disclosed in an associated issue. *See* RAP 10.3(g). Failure to comply with these requirements may preclude appellate review. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (Issues not properly raised or argued, or unsupported by reference to the record and/or citation to authority, do not merit appellate consideration.). Where a brief is so deficient that it provides no basis for meaningful review of an issue, we may decline to consider the issue. *See State v Johnson*, 119 Wn.2d 167, 170-71, 829 P.2d 1082 (1992).

Keyes's brief consistently fails to comply with the requirements of RAP 10.3(a). Although we may decline to address Keyes's allegations of error on that basis, we proceed with review limited to the appealable order before us.

"'We review a trial court's denial of a [CR 59] motion . . . for abuse of discretion.'" *Davies v. Holy Family Hosp.*, 144 Wn. App. 483, 497, 183 P.3d 283 (2008) (quoting *Kleyer v. Harborview Med. Ctr.*, 76 Wn. App. 542, 545, 887 P.2d 468 (1995)). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39,

46-47, 940 P.2d 1362 (1997). "'An abuse of discretion exists only if no reasonable

person would have taken the view adopted by the trial court.'" *Davies*, 144 Wn. App.

at 497 (quoting *Holaday v. Merceri*, 49 Wn. App. 321, 324, 742 P.2d 127 (1987).

Once filed, the court set a briefing schedule on Keyes's CR 59 motion to amend

or vacate, and notified the parties that the motion would be considered without oral

argument. CR 59(e). In the trial court's written order, it listed the specific filings

considered by the court in arriving at its decision. Because the court denied the motion,

it was under no obligation to set forth the legal or factual basis for denial of the motion.

*See* CR 59(f). The trial court's decision to deny Keyes's CR 59 motion was neither

manifestly unreasonable nor based upon untenable grounds or untenable reasons.

In the same order, the trial court clarified its order for summary judgment and to

show cause, explaining that corrections were made simply to reflect that Keyes did not

file a response and did not appear for oral argument, despite having adequate notice of

the motions and hearing. The correction of clerical mistakes in the previous order was a

permissible action for the trial court to take in accordance with the superior court civil

rules:

> Clerical mistakes in judgments, orders or other parts of the record and
> errors therein arising from oversight or omission may be corrected by the
> court at any time of its own initiative or on the motion of any party and
> after such notice, if any, as the court orders. Such mistakes may be so

corrected before review is accepted by an appellate court, and thereafter
may be corrected pursuant to RAP 7.2(e)

CR 60(a).

Given that the trial court complied with the court rules and articulated its reasons

for correcting the prior summary judgment order, it did not abuse its discretion.

## ATTORNEY FEES AND COSTS

Spokane Powersports requests attorney fees and costs as a sanction pursuant to

RAP 18.9(a) and RAP 18.1, arguing that the fees and costs incurred in this appeal are

due to continually defending against frivolous and harassing litigation by Keyes.

RAP 18.9(a) provides, in relevant part:

The appellate court on its own initiative or on motion of a party may
order a party or counsel, or a court reporter or authorized transcriptionist
preparing a verbatim report of proceedings, who uses these rules for the
purpose of delay, files a frivolous appeal, or fails to comply with these
rules to pay terms or compensatory damages to any other party who has
been harmed by the delay or the failure to comply or to pay sanctions to
the court. The appellate court may condition a party's right to participate
further in the review on compliance with terms of an order or ruling
including payment of an award which is ordered paid by the party . . . .

Here, the trial court awarded Spokane Powersports attorney fees for frivolous

litigation. In its oral ruling, the trial court detailed the allegations in Keyes's complaint,

characterizing the claims as frivolous as they were not based on law, and then coupled

this with the prolonged delays in Keyes's prosecution of claims. This resulted in Spokane

14

Powersports incurring fees that the trial court determined were unfair. Similarly, the Supreme Court awarded Spokane Powersports' attorney fees and expenses pursuant to RAP 18.9(a).

Despite the trial court's and the Supreme Court's awards of attorney fees relative to the pursuit of frivolous claims, Keyes continues to relitigate the same matters. "'A frivolous appeal is one which, when all doubts are resolved in favor of the appellant, is so devoid of merit that there is no chance of reversal.'" *In re Guardianship of Cobb*, 172 Wn. App. 393, 406, 292 P.3d 772 (2012) (quoting *Fid. Mortg. Corp. v. Seattle Times Co.*, 131 Wn. App. 462, 473, 128 P.3d 621 (2005)).

Keyes in this appeal focuses his argument on issues that are not relevant to the order on review. Keyes's briefing is deficient as he fails to articulate a legal basis for the appeal or provide arguments related to the order before us. Accordingly, we award Spokane Powersports its reasonable attorney fees and costs on appeal pursuant to RAP 18.9(a) and RAP 18.1.

## REQUEST TO ENJOIN KEYES FROM FURTHER LITIGATION

Spokane Powersports also asks this court, pursuant to RCW 2.28.010, CR 1, and case law, to invoke its inherent authority to control the conduct of litigants and control the conduct of proceedings and enjoin Keyes from further litigation of this case. We decline to impose any such constraints on Keyes at this time.

15

No. 40641-5-III
*Keyes v. Buck*

CONCLUSION

We affirm the trial court and award Spokane Powersports reasonable attorney fees and costs incurred on appeal pursuant to RAP 18.9(a), subject to compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Cooney, J.